## ORR *v.* COOLEDGE *et al.*

1. It is incumbent upon a party excepting to the report of an auditor in an equity case, when the exception thereto involves a consideration of the evidence on which the auditor based his findings, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to attach thereto as an exhibit so much of the evidence as is pertinent, or at least to point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor.

2. An exception to an auditor's report which sets forth that the finding of the auditor was contrary to the preponderance of the evidence shows upon its face that there was some evidence to authorize the finding; and when such an exception is overruled by the judge presiding both as judge and jury in the case, the judgment overruling the exception will not be reversed by the Supreme Court.

3. The finding of the auditor was supported by the evidence, and the judgment overruling the exceptions of fact will not be interfered with. No error of law has been made to appear which would require a reversal of the judgment.

Submitted March 3,—Decided May 16, 1906.

Exceptions to auditor's report. Before Judge Lumpkin. Fulton superior court. March 29, 1905.

Mrs. Orr brought an equitable petition against Cooledge and others. The averments of the petition will be found in the statement of facts preceding the opinion when the case was before this court on another occasion. *Orr v. Cooledge,* 117 *Ga.* 195. It was then held that the petition set forth a cause of action, and that the court erred in sustaining a demurrer to it. The defendants filed an answer in which they denied any liability whatever to the plain-

tiff. The case was referred to an auditor. At the hearing before the auditor two amendments to the petition were allowed. The first amendment alleged, that, instead of a contract of partnership between the parties, a written agreement was entered into between them, which, while purporting to be an agreement to form a corporation, was in all of its essential elements a copartnership agreement, and was operated under, no corporation ever having been in fact formed and organized, the parties having conducted the business as partners under the terms of the agreement as modified in the particulars alleged in the original petition. A copy of this agreement was attached to the petition. The material parts of this agreement were as follows: It recited that it was an agreement between V. E. Orr, as the agent of the plaintiff, and the defendants, and that the parties had "agreed to form a·stock company," to be conducted in the city of. Atlanta, and known as the F. J. Cooledge Art Glass Company. The agreement is divided into eight articles. Article 1 is in the following language: "The business of the company shall be to make all styles of art glass for residences, churches, societies, lodges, etc." Article 2. "Said agreement is to begin at once and as soon as each party has paid in the following amounts: V. E. Orr, agent, is to take $3,000 worth of stock; F. J. Cooledge & Bro. $1,000, C. A. McDaniel $1,000, and Grier Martin $1,000; making a total of $6,000, preliminary capital, all of which is to be paid in by January." Article 3 provides that each stockholder is to give his best attention to the interests of the business. V. E. Orr, agent, is to be allowed ten per cent. on certain orders amounting in the aggregate to $10,000, which are transferred to the company, this credit of $1,000 to be placed to Mrs. Orr's credit when these contracts are settled·for, and to count as $1,000 in cash, provided the orders are acceptable and a net profit of twenty-five per cent. above cost is realized on said orders. If the orders do not realize twenty-five per cent., there is to be no allowance for the ten ·per cent. commissions, and Mrs. Orr is to contribute the amount disallowed in other orders, or pay cash to make up the $1,000. This ten per cent. commission is to be the only allowance for expenses for said Orr or any other person making sales for the company. These commissions are due only after the orders are filled and settled for. The amounts may then be drawn in cash. Article 4 provides that Cooledge is to have exclusive man-

agement of the finances, shop, etc. V. E. Orr, agent, is to have special charge of traveling, selling, contracting, correspondence, etc., the only allowance for his expenses being the ten per cent. commissions on the business he brings to the company. Article 5 provides that the profits of the business are to remain in the company until either by cash or profits the assets amount to $10,000, or the profits pay a net dividend of six per cent. on that sum. Article 6 provides for the keeping of books, which shall be open to the inspection of any stockholder at all times; and for an inventory to be taken in July, the contract being dated in October. Article 7 provides that where satisfactory contracts carrying a less profit than twenty-five per cent. are entered into, special agreement shall be made with reference to the commission allowed. Article 8 provides that no stockholder shall receive any other compensation for services or expenses not provided for in the contract, until the stock is worth $10,000 actual value. The second amendment alleged, that the business was operated under the contract referred to in the first amendment, from October 1, 1898, to about February 1, 1900, and that it was treated as a partnership agreement, no corporation having been in fact formed, and neither of the parties having paid in full the amount which they undertook to pay. It was also alleged that on or about February 1, 1900, the defendants excluded the plaintiff and her husband from the business and all interest therein.

The auditor filed a report in which he found against the plaintiff and in favor of the defendants. To this report the plaintiff filed numerous exceptions of law and fact. These exceptions were passed upon by the judge without the intervention of a jury. He overruled all of the exceptions and entered a judgment for the defendants; and the plaintiff excepted.

*Anderson & Anderson* and *L. W. Thomas,* for plaintiff.

*Peeples & Jordan,* for defendants.

COBB, P. J. (After stating the foregoing facts.)

1. This was an equity case. The rule in reference to the manner in which exceptions to an auditor's report in such a case shall be framed, where the exception is dependent upon the evidence, is now well settled. One of the latest utterances of this court in reference to this matter is found in the case of *First State Bank* v. *Avera,* 123 *Ga.* 598. See also *Armstrong* v. *Winter,* 122 *Ga.* 869,

and cit. No less than eleven of the exceptions of fact and seventeen of the exceptions of law in the present case are subject to the objection that, being dependent upon the evidence, the places in the brief of evidence where the testimony necessary to the determination of the questions raised by the exceptions appears are not pointed out in the exceptions, nor are such portions of the evidence attached to the exceptions as an exhibit. "The exceptions should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error. *Hudson* v. *Hudson,* 119 *Ga.* 637. "It should state what were the rulings complained of, the evidence on that point, and state of what and wherein the error consisted." *Weldon* v. *Hudson,* 120 *Ga.* 699; *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 134. The failure of a party to comply with these rules in reference to the framing of exceptions is a sufficient reason for a judge in an equity case to refuse to approve exceptions of fact, when a case is to be submitted to a jury, and a sufficient reason for a judge, sitting both as judge and jury, to overrule all of such exceptions.

2. If there is any evidence to support the finding of an auditor and the judge has overruled exceptions to his finding, this court will not reverse the judgment. When an exception of fact states that the finding of an auditor was contrary to the preponderance of the evidence, it shows upon its face that there was some evidence to authorize the finding, and an exception of this character will not be considered by this court when the same has been overruled by the trial judge presiding as judge and jury in the case.

3. The auditor found that there was no contract of partnership, oral or written, entered into between the plaintiff and the defendants. The only writing relied on by the plaintiff was the agreement referred to in the foregoing statement of facts. This agreement upon its face shows that it was not intended as articles of partnership between the parties. Its very terms show that the intention of the parties was to form a corporation. The terms used and the language employed throughout the agreement are entirely consistent with the formation of a corporation, but utterly inconsistent with the formation of an ordinary partnership. The agreement is to form a "stock company." "The business of the company" is to be of a certain character. Each party is to take a

specified amount of "stock." When this amount of stock is paid in, "a charter" is to be obtained. The word "stockholder" appears throughout the agreement when the rights of the parties to the contract are referred to. The auditor was therefore correct in his finding that there was no partnership entered into between the parties. It is legally possible for an agreement to form a corporation to become, by oral modification and changes, the foundation for a partnership between the parties. ¯More than this, it is legally possible for the promoters of a corporation to so conduct the business between the time the agreement for the formation of a corporation is entered into and the time that a charter is obtained, or the intention to procure a charter is abandoned, that the promoters may each have an interest in the business conducted between these dates. But in either event it must appear that the business was conducted by the parties in such a way that it is manifest there was to be a division of profits realized. Whether there was any evidence to authorize a finding by the auditor that the agreement to form a corporation had been changed so as to make it an agreement to form a partnership, or whether the business had been so conducted that the plaintiff would be entitled to her proportionate share of the profits of the business as it was conducted, is not material now to consider. For there was certainly evidence authorizing the auditor to find to the contrary on both of these propositions; and his finding having been approved by the judge, this court will not disturb it. The finding of the auditor against the plaintiff on the material issues in the case was supported by the evidence, and the judgment overruling the exceptions to his report will not be interfered with. 'What has been said disposes of all of the exceptions of law and fact that are in such a condition that this court can properly deal with them.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., disqualified.*