## McCord *et al. v.* City of Jackson *et al.*

HOLDEN, J.   1. It is proper to overrule a ground of a motion to recommit the report of an auditor, that the report "is indefinite, and omits to find or pass upon all the issues and questions raised by the pleadings, both issues of fact and questions of law," for the reason that such ground does not specify wherein the report is indefinite, or the issues, or questions raised by the pleadings, which the auditor has omitted to find or pass upon.

(*a*)  Nor is it error to refuse to sustain a ground of the motion, that "said report is erroneous by reason of errors of calculation," when such ground does not specify wherein such errors exist.

(*b*)  Nor is it error to refuse to sustain a ground of the motion, that "said report fails to report the evidence as required by law, by filing a brief of the oral and documentary evidence submitted by the parties," when such ground does not state in what manner the report fails to report the evidence as required by law.

2. Municipal authorities are not personally liable in an action to recover money lawfully collected by them for one purpose, but applied to some other lawful liability of the municipality, unless some charter provision or the general law of the State imposes a liability on them in such instances, or unless their action puts it beyond the power of the municipality lawfully to raise, during the current year, the money with which to discharge the obligations for which the funds thus misapplied were originally intended.

(*a*)  There are no allegations in the pleadings charging any specific diversion of funds to any named unlawful purpose.   General allegations to the effect that funds were diverted to unauthorized purposes are too indefinite to charge personal liability on the officials because of the wrongful misapplication of such funds.

(*b*)  Allegations are made tending to excuse the petitioners from specifying the purposes to which the alleged unlawful expenditures of the city's revenues were applied, consisting of charges that the books, vouchers, and accounts of the officials in the hands of the defendants were so loosely kept that petitioners could not specifically determine therefrom the various items of collections and expenditures.   This excuse can not avail the complainants, for the reason that it appears that the court, several months prior to the hearing before the auditor, authorized an accountant selected by the complainants to examine and audit the books, vouchers, and accounts referred to, and ordered that the officials of the city give him access thereto for this purpose; and complainants thus had full opportunity to obtain and allege, by way of amendment before the auditor (who was authorized to pass upon amendments offered at the hearing before him), the amount, direction, and by whom any of the city's revenues were misapplied.

(*c*)  Under the pleadings, the court committed no error in refusing to recommit the report of the auditor because of a failure by him to make a finding on the question as to whether or not there had been "an illegal diversion of funds" of the municipality.

\

3. After the conclusion of the hearing before an auditor, the plaintiffs were not entitled, as matter of right, to insist upon being afforded an opportunity to sustain an amendment which introduced new and distinct issues of fact. *First State Bank* v. *Avera*, 123 *Ga.* 598 (2), (51 S. E. 665).

(*a*) Even if the amendment then tendered was not otherwise objectionable, it was not a matter of right on the part of the plaintiffs to have it allowed and opportunity afforded them to sustain it by evidence, at the time when it was offered.

(*b*) If such amendment was offered merely so as to make the pleadings conform to the evidence already admitted on the hearing, and not for the purpose of reopening the case, an exception to its disallowance could not be determined without in substance setting forth or pointing out the evidence, not covered by the original pleadings, upon which the party seeking to amend relied as justifying such amendment for the purpose indicated.

4. The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law. *Winkles* v. *Simpson Grocery Co.*, 132 *Ga.* 32 (63 S. E. 627).

(*a*) Where in excepting to an auditor's report on a matter of fact dependent for its decision on the evidence, the excepting party, in pointing out such evidence, refers to the testimony of a named witness appearing on specified pages of the stenographic report of the evidence, "and the books of the treasurer showing receipts and disbursements," without setting forth the contents of such books showing such receipts and disbursements, or pointing out the same by appropriate reference, or attaching as exhibits to his exceptions a statement showing such contents, the failure to do so affords a sufficient reason, in an equity case, for a refusal by the trial judge to approve the exceptions.

(*b*) Where a similar exception made reference to certain pages of the stenographic report as showing testimony of named witnesses and to testimony "of other witnesses who testified to the values of property," and the testimony of such other witnesses was not set forth in connection with the exception, or attached as an exhibit thereto, or pointed out in the brief of evidence by appropriate reference thereto, the failure to do so furnished a sufficient reason, in an equity case, for refusing to sustain the exception.

5. Where, at the time when the municipal authorities made a contract for the purchase of materials for the erection of waterworks and an electric-light plant which they were authorized to erect, they did not contract for a sum to be paid exceeding the available funds on hand for the payment thereof and the amount of taxes levied, or that might be lawfully levied, for the year for that purpose, the contract was not invalidated if subsequently, without the consent of the parties with

12

whom they contracted, the authorities applied such funds to other purposes, instead of paying off the amount thus contracted; and under such circumstances the parties so furnishing such materials under such contract would be entitled to a judgment against the municipality. *Spalding County* v. *Chamberlin & Co.,* 130 *Ga.* 649 (3), (61 S. E. 533).

(*a*) The ruling made in the above note would not be affected by the question of whether or not there was sufficient evidence to support the finding of the auditor that "wages increased and expenses were heavier than they [the municipal authorities] originally contemplated, and that in this way said system of waterworks and electric-light plant cost more than the amount realized from the sale of bonds."

6. Municipal authorities have no authority to contract in behalf of the municipality for a loan of money (not to supply casual deficiencies of revenue) to be used in defraying current expenses, although the general design be to discharge the notes given for such loan from the anticipated revenue of the current year. *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244) ; *Hall* v. *County of Greene,* 119 *Ga.* 253 (46 S. E. 69).

(*a*) Under the ruling above made, it was error to overrule an exception to a ruling of the auditor sustaining a special demurrer to the allegations of the petition setting up the procurement of a loan from the defendant bank, and averring that the notes given it by the municipal authorities were for money borrowed with which to pay current expenses of the municipality.

7. Municipal authorities may be compelled by mandamus to perform the duties enjoined upon them by law, notwithstanding such duties may be directory only.

(*a*) The auditor erred in finding that the pleadings did not authorize a mandamus to compel the municipal authorities to perform the acts required by the provisions of the charter relative to the keeping of separate accounts of revenues collected by the municipality to be used for different purposes.

8. Whether the charter provision "that the annual expenses of the City of Jackson shall be so restricted as not to exceed the annual income of the city" is directory or mandatory, a tax levy within the limits of the charter, made to raise funds to defray expenses for the current year, would not be invalidated even if the expenses of the city for that year exceeded the funds to be raised by such tax levy.

(*a*) The auditor committed no error in holding that the other provisions of the charter of the city referred to in his report were directory, and not mandatory; nor in holding that a failure to comply therewith would not invalidate the levy of tax by the municipality within the limits provided by its charter.

9. Except as herein ruled, the court committed no error in refusing to sustain the exceptions to the auditor's report.

*Judgment reversed.    All the Justices concur.*

SEPTEMBER 28, 1910.

Exceptions to auditor's report.    Before Judge Reagan.    Butts superior court.    July 3, 1909.

*T. J. Dempsey, Olin J. Wimberly, O. B. Morris,* and *F. Z. Curry,* for plaintiffs. *W. E. Watkins, H. A. Hall, J. B. Wall,* and *Y. A. Wright,* for defendants.