BIRD *v.* SOUTH GEORGIA INDUSTRIAL COMPANY *et al.*

FISH, C. J. A party to a proceeding under "The Land Registration Act" (Acts 1917, p. 108) filed to the examiner's final report an exception as follows: "Because the finding of the examiner is contrary to law and to the evidence adduced at the hearing of said case," signed by the attorney who then represented the exceptor. This was the only exception filed. At a subsequent regular term of court counsel for opposing parties moved for a dismissal of the exception, on the grounds: "1. Because the exceptions are not separately classified as exceptions of law and exceptions of fact. 2. Because the exceptor has not in his said exceptions set out the evidence upon which such exceptions are based; nor has he attached to same as an exhibit said evidence or a brief thereof, nor has he identified such evidence by specific reference to any portion of the transcript of the evidence filed by the examiner. 3. Because the exceptions are too general, and it does not appear whether they are directed to the examiner's findings of

fact, or to his conclusions of law, or to his general findings settling the state of the title to said lands." The court sustained the motion and struck the exception. The excepting party assigned error in the bill of exceptions upon this ruling. *Held*:

1. The land registration act in section 20 provides: "In all matters not otherwise provided for, the procedure upon the examiner's report and the exceptions thereto shall be in accordance with procedure prevailing in this State as to auditors' reports in equity and exceptions thereto." The Civil Code, § 5135, in respect of exceptions to auditors' reports in equity cases says: "Within twenty days after the report is filed and such notice given, either party may file exceptions, to be separately classified as 'exceptions of law' and 'exceptions of fact.' All exceptions shall clearly and distinctly specify the errors complained of." It has been held by this court in many cases that in an equity case, when exceptions to an auditor's report involve the consideration of the evidence, the excepting party must set forth, in connection with each exception of law or of fact, the evidence necessary to be considered, or attach it as an exhibit, or point out where it is to be found in the brief of evidence filed by the auditor; and that a general exception not clearly and distinctly specifying the errors complained. of is insufficient. See cases cited in Park's Civil Code (1910) under section 5135. In *Anderson* v. *Blair*, 121 *Ga.* 121 (48 S. E. 951, 2 Ann. Cas. 165), and *Green* v. *Valdosta Guano Co.*, 120 *Ga.* 131 (48 S. E. 984), it was held, in effect, that in a suit at law where parties had a constitutional right to a trial by a jury, an exception to an auditor's report that his general finding in favor of the plaintiff was contrary to evidence was sufficient in form. *Green* v. *Valdosta Guano Co.* was cited in *Armstrong* v. *Winter*, 122 *Ga.* 869, 870 (50 S. E. 997), in *Orr* v. *Cooledge*, 125 *Ga.* 499 (54 S. E. 618), and in *Forbes* v. *Davis*, 8 *Ga. App.* 560, 561 (69 S. E. 1132). All of those cases were at law, where exceptions to auditors' reports were not required to be as specific as exceptions to an auditor's report in equity cases, and there is no statute requiring the same particularity in specifying error to have been committed by an auditor in a case at law as there is in reference to exceptions to an auditor's report in equity. While the land registration act is not an equitable, but purely a statutory proceeding, it in express terms makes the procedure as to exceptions to an auditor's report provided in equity applicable to exceptions provided by the act to an examiner's report. See *Weed* v. *Gainesville &c. R. Co.*, 119 *Ga.* 576 (6), (7), 577 (46 S. E. 885), cited in *Hilton* v. *Haynes*, 147 *Ga.* 727 (95 S. E. 220). See also *Poullain* v. *Brown*, 80 *Ga.* 27 (5 S. E. 107). The exceptions were properly stricken. Powell on Land Registration, § 96 et seq.

2. The motion to recommit to the examiner was not meritorious. The ground of the motion was that the party excepting to the examiner's report desired to submit to the auditor a certain lease of the timber on the two lots of land, the title to which was in controversy, and, at the time of making the motion to recommit, exhibited to the court an original record book from the office of the clerk of the superior court of the

county in which the proceeding was to be tried, which showed the record of such lease. There was no showing made why this record, if material, had not been submitted upon either of the two hearings had before the examiner, nor at the time the examiner advertised a third hearing. The land registration act provides for a recommitment upon certain terms, but the exceptor in the case at bar moving for a recommitment did not bring himself within any of such terms. Moreover, it appears that the lease referred to by the exceptor was not material, as it had expired prior to the institution of the proceedings by the applicants in the present case.

*Judgment affirmed. All the Justices concur.*

No. 1544.   SEPTEMBER 16, 1920.

Registration of land. Before Judge Thomas. Echols superior court. March 11, 1920.

*Dan R. Bruce,* for plaintiff in error.

*Patterson & Copeland* and *E. K. Wilcox,* contra.