*T. W. Evans, J. S. Adams,* and *R. E. Camp,* for defendant.

---

## FAUCETT *v.* ROGERS.

1. Where in an equitable proceeding the evidence, though conflicting, was amply sufficient to sustain a finding of fact by the auditor to whom the case had been referred, there was no abuse of discretion by the court in refusing to approve an exception of fact and in overruling an exception of law to the finding.

2. The court having in its decree adjudged, as it was authorized to do, that each of the parties pay half of all the costs in the case, it is immaterial whether or not the auditor had authority to make a finding as to the costs.

3. Where an exception is not in itself complete, but refers to " the entire evidence bearing on " the subject of the exception, and to ascertain

what parts of the evidence bear on the question would require an examination about 175 pages of what purports to be the evidence reported by the auditor, the court on review is not required to determine this exception.

4. It not appearing that a brother of the plaintiff had authority as her agent to make any admission in respect of the land line that would bind her, although he had looked after the property for her and "in all these surveys when he was present he represented" her, it was not error to exclude certain alleged admissions by him as to the land line in question.

5. Under previous decisions it was not error to exclude declarations of a deceased owner and possessor of land not adjacent to that of either of the parties.

6. Other exceptions not being sufficient in form to be considered, under previous decisions the court did not err in overruling them.

7. If after twenty days an amendment to exceptions to an auditor's report, adding a new and distinct exception, can be allowed, a good reason why it was not timely filed with others must appear.

8. The approval of the auditor's report, and the decree of the court, were not erroneous.

No. 2353.　OCTOBER 1, 1921.

Equitable petition. Before Judge J. B. Jones. Hall superior court. October 30, 1920.

*H. H. Perry,* for plaintiff in error.

*W. A. Charters* and *Ed. Quillian,* contra.

FISH, C. J. This is a suit brought by Mrs. Lou Rogers against William Faucett, to enjoin the defendant from trespassing upon certain land to which the plaintiff claims title. The issue is dependent upon the location of the true dividing line between adjacent lands of the parties. The court appointed a surveyor selected by the parties, who by a survey located the line where the plaintiff claims it to be, and made a report of his survey, accompanied by a plat. An auditor was appointed to hear the evidence and to make findings of fact and law in the case. After hearing, the auditor made his report of his findings of fact and of law, which were favorable to the plaintiff, with the conclusion that the plaintiff was entitled to a perpetual injunction as prayed for against the defendant.

1. The defendant filed an exception of fact to the finding of fact by the auditor that the true line between the adjacent lands of the parties is located where the plaintiff claims it to be, and as particularly described in the report, survey, and plat of the surveyor. The ground of exception is that such finding of the

auditor is contrary to the evidence, and without evidence to support it. The court refused to approve this exception and to submit the issue sought to be raised thereby to a jury. As the case is an equitable proceeding, the presiding judge was not compelled, as a matter of course, to submit such exception of fact to the jury. Civil Code (1910), § 5142. Though the evidence is conflicting, it is amply sufficient to sustain the finding of fact by the auditor; and there was no abuse of discretion by the court in refusing to approve the exception.

2. The defendant filed several exceptions of law to the findings of law made by the auditor. The first is really based upon the finding of fact by the auditor to which the defendant excepted; and our ruling as to that exception of fact is controlling as to this 'exception of law. The second is to the finding of the auditor that the costs in the case, including the court costs, stenographer's fee, the cost of. making the survey ordered by the court, and the auditor's fee " be equally divided between the parties to the case, each to pay half of the same." Whether the auditor did or did not have authority to make a finding as to the costs in the case is immaterial; as the court in rendering the decree adjudged, as it was authorized to do, that each of the parties should pay half of all the costs in the case.

3. The third exception of law is that the auditor admitted in evidence as an ancient document a surveyor's plat, made in 1853, of certain land of which one McDaniel then claimed to be the owner, one 'of the lots in the survey being that to which the plaintiff now claims title. The defendant excepted to this ruling of the auditor, on the grounds that the plat was irrelevant, not shown to be correct, that it does not show that the lots platted are in the county of Hall, and because it does not show the location of the line now in controversy. The following is stated in this exception: " Turner Quillian did testify that he had known this plat thirty-five or forty years, and saw it among his father's papers, which his father got from Samuel Chambers to lot seven in the twelfth district [the lot now claimed by plaintiff] and six in the eleventh district, which his father bought from said Chambers. There was no evidence from any witness as to the correctness of the plat. A copy of said plat is hereto attached, and the entire evidence bearing on the location of the line or referring to

the plat is attached to these exceptions and is here referred to in connection with these exceptions of law, though no witness testified to correctness of this plat." This exception is not complete in itself. It refers the court to " the entire evidence bearing on the location of the line or referring to this plat." In order to ascertain what portions of the evidence bear on this question, the court would have to examine some 175 pages of what purports to be the evidence reported by the auditor. The court is not required to undertake this burden.

4. The fourth exception of law is that the auditor erred in excluding certain alleged admissions of Turner Quillian, a third person not interested in the case, as to the land line in question. It appears that he is the brother of the plaintiff, that he had been looking after the property for her, and that " in all these surveys when he was present he represented Mrs. Rogers." Nothing appears showing that he had authority as the agent of the plaintiff to make any admissions in respect of the land line that would be binding on her.

5. The rulings made by the auditor in excluding as hearsay certain sayings of Squire O'Kelley in reference to the land line in question, and excepted to by the defendant in exceptions 5, 6, 7, and 8, were correct. It is stated in the exception that " The following evidence in the record shows that the evidence was admissible under the rules of law: That Squire O'Kelley was dead, that he was a justice of the peace and N. P., and had been 20 or 30 years, that he lived about a mile from the land, that he was an old man, a veteran of the Civil War, that he was in possession of land and owned land in the neighborhood (pp. 18 and 19 of the evidence), that it was his custom to write deeds, that he was about seventy when the statements were made, that he always lived in that neighborhood (p. 44 of the evidence) ; all of which was in evidence when this testimony was offered. It also appeared, at the time the evidence was offered, that Squire O'Kelley was in possession of the west half of lot number six in the eleventh district (p. 49 of the evidence)." The west half of lot number six in the eleventh district is not adjacent to either the land of the plaintiff or that of the defendant. That the ruling was proper, see *Aultman* v. *Hodge*, 150 *Ga.* 370, 399 (104 S. E. 1) ; *McAfee* v. *Newberry*, 144 *Ga.* 473 (87 S. E. 392).

6. "The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law. *Orr* v. *Cooledge,* 125 *Ga.* 496 (54 S. E. 618); *Winkles* v. *Simpson Grocery Co.,* 132 *Ga.* 32 (63 S. E. 627); *McCord* v. *City of Jackson,* 135 *Ga.* 176 (4), 177 (69 S. E. 23)." *Smith* v. *Wilkinson,* 143 *Ga.* 741 (85 S. E. 875). Applying the ruling above stated to exceptions of law numbered 9, 10, and 11, the court did not err in overruling such exceptions.

7. Exceptions to an auditor's report must be filed within twenty days after the filing of the report. Civil Code (1910), § 5135. The law as to this is mandatory. *Littleton* v. *Patton,* 112 *Ga.* 438 (4) (37 S. E. 755). If an amendment can be allowed at all after the twenty days, so as to add new and distinct exceptions, it must at least be necessary to show good reason why the exception was not filed with others in due time. *Sizer* v. *Melton,* 129 *Ga.* 143 (58 S. E. 1055); *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005).

8. In view of the rulings above announced, the court did not err in approving the auditor's report and in decreeing that the defendant below be perpetually enjoined as prayed for in the petition.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*