## MANION v. VARN et al.

FISH, C. J. 1. By section 20 of the land-registration act (Acts 1917, p. 108) it is provided that any of the parties to the proceeding may, within twenty days after the examiner's report is filed, file exceptions of law or of fact to the general findings of the examiner; and the judge may rerefer or recommit the record to the examiner " in like manner as auditor's reports may be recommitted in any equity cause." Within twenty days after the filing of the examiner's report, any party at interest may move to recommit the report for indefiniteness, lack of fullness, failure to properly separate and classify his findings of law and of fact, or other like causes. Powell's Land Reg., § 96.

2. " While the land-registration act is not an equitable, but purely a statutory proceeding, it in express terms makes the procedure as to exceptions to an auditor's report provided in equity applicable to exceptions provided by the act to an examiner's report." *Bird* v. *South Georgia Industrial Co.*, 150 *Ga.* 420, 421 (104 S. E. 232).

3. " The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law." *McCord* v. *City of Jackson*, 135 *Ga.* 176 (4), 177 (69 S. E. 23).

4. The findings of the examiner covered all the issues in the case. In the brief of counsel for the plaintiff in error it is stated that " the only question in this case is whether or not the deed made by Mrs. John Manion to G. W. Varn on the 25th day of September, 1917, was an absolute sale." The examiner found that " on September 25, 1917, Mrs. John Manion [Mrs. Margaret Manion] sold to the applicant, G. W. Varn, a one-half undivided interest in and to all the lots described in the applicant's petition. The examiner finds it as a fact that this deed is a deed of bargain and sale, and not a loan deed." This necessarily amounted to a finding that under all the evidence the deed in question was a deed of bargain and sale, and not a security deed. It was therefore not error to overrule a motion to recommit, based on grounds that the examiner had not considered and made specific findings upon portions of the evidence which it is claimed threw light upon the question at issue, or upon grounds that the examiner made erroneous findings upon certain phases of the evidence. Objections of this nature should have been made by exception, and not by motion to recommit.

5. None of the exceptions either of law or fact was framed in compliance with the well-settled rule of practice set forth in the third headnote; and this failure was a sufficient reason to overrule the exceptions of law and refuse to approve the exceptions of fact. While the trial judge " dismissed " the exceptions of fact for another reason, the right result was reached, without reference to the correctness of the rea-

son given.   There was no error in entering the final judgment in favor of the party in whom the examiner found the title was vested.

6. There was no abuse of discretion in overruling the motion for a continuance, based upon the absence of one of the attorneys for the objector, who, it was claimed, was the leading counsel.   This attorney was in attendance upon another court, and had not procured leave of absence.   The attorney appearing for the objector was first employed and the objector did not make oath that she could not go safely to trial without the services of the absent counsel.   Civil Code, § 5718; *Whitley* v. *Clegg*, 120 *Ga.* 1038, 1040 (48 S. E. 406).

*Judgment affirmed.   All the Justices concur.*

No. 2500.   FEBRUARY 16, 1922.

Land registration.   Before Judge Thomas.   Echols superior court.   September 18, 1920.

*R. A. Hendricks, J. P. Knight,* and *H. W. Nelson,* for plaintiff in error.

*J. B. Hicks* and *Dan R. Bruce,* contra.