## DAVIS *v.* VARN TURPENTINE & CATTLE COMPANY (five cases).

HINES, J. 1. The land-registration act provides, that, "In all matters not otherwise provided for, the procedure upon the examiner's report and the exceptions thereto shall be in accordance with procedure prevailing in this State as to auditor's reports in equity and exceptions thereto."

Acts 1917, pp. 108, 116; 9 Park's Code Supp. 1922, § 4215 (t); Michie's Code, § 4215 (20); *Bird* v. *South Ga. Industrial Co.*, 150 *Ga.* 420, 421 (104 S. E. 232); *Manion* v. *Varn*, 152 *Ga.* 654 (2) (111 S. E. 30).

2. The neglect of a party excepting to an examiner's report on matters of fact, or on matters of law dependent for a decision upon the evidence, to set forth, in connection with each exception of law or fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is sufficient reason in a land-registration proceeding for dismissing or disapproving the exceptions of fact and for overruling or dismissing the exceptions of law. *Manion* v. *Varn*, supra (3).

3. Applying the principles above ruled, the court did not err in dismissing the exceptions to the conclusions of fact and law filed by the defendant, Sallie Davis, to the final report of the auditor.

4. In the absence of a proper exception to a finding of fact by an examiner in a land-registration case, there is no issue to be submitted to a jury; and the court did not err in refusing to permit the jury to pass upon any issue of fact raised by the pleadings and evidence in the case.

5. The objector demurred to the petition of the plaintiff. The examiner overruled her demurrer. In her exceptions to the final report of the examiner she excepted to that ruling. The court dismissed her exceptions to the final report of the examiner, including her exception to his ruling on her demurrer to the petition; and she excepted pendente lite to this judgment of the court, and assigned error thereon in the bills of exceptions in these cases. After dismissing the exceptions of the objector, the court rendered a separate judgment overruling her demurrer to the petition. To this judgment she did not except. *Held*, that the objector is concluded by the judgment of the court overruling her demurrer to the petition, and will not now be heard to say that the petition sets forth no cause of action, notwithstanding the fact that in her bills of exceptions she assigned error on her exceptions pendente lite to the judgment dismissing her exceptions to the final report of the examiner, including her exception to his ruling on her demurrer.

*Judgments affirmed. All the Justices concur.*

Nos. 6816, 6817, 6818, 6819, 6820. JANUARY 18, 1929.

694

*E. H. Williams,* for plaintiff in error.
*Copeland & Dukes* and *H. L. Causey,* contra.