THAXTON *et al. v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO. *et al.*

ATKINSON, J. 1. If the holder of a security deed, by written agreement with a subsequent purchaser· of the equitable interest in the land, for a valuable consideration extends the time of payment without can-

cellation of the deed, and the instrument expressly preserves the rights of the holder of the security, such extension of time will not operate to release the land from the security deed.

2. If the holder of a security deed conveying an entire tract releases, for a valuable consideration, from his security a part of the tract after it has been subdivided by the holder of the equitable interest, and a purchaser of one of the subdivided parts, after learning of such release, consents thereto and expressly agrees with the holder of the security deed that the security shall continue to bind his separate parcel, the release will not operate to discharge the separate parcel from the security.

3. If, after the release and agreement last referred to, the purchaser sells and conveys his parcel of land to a third person, stating to the purchaser that he has good title and that the land is unincumbered, such purchaser will take subject to the outstanding duly recorded security deed, although she paid full value for the property, believing it to be unincumbered, and did not have actual notice of the recorded security deed, or notice of the release of part of the land from the security, or of the unrecorded prior agreement between her vendor and the holder of the security deed.

4. As against such subsequent purchaser as last referred to, a judgment of a court of competent jurisdiction, in favor of the holder of the security deed against the maker thereof, for the full amount of the debt, declaring a special lien on all the property except the part that had been released prior to the date of the purchase, was not rendered void because the attorney for the holder of the security deed represented to the defendant that the part of the land upon which a special lien was sought would satisfy the debt, and that it would be unnecessary for him to defend the suit, and the judgment was obtained without being defended.

5. Equity, on application of the purchaser mentioned in the third division above, will not enjoin the holder of the security deed from enforcing by levy and sale the judgment against the original debtor for the amount of the debt and declaring a special lien on all the property described in the security deed except the part that was expressly released.

*Judgment affirmed. All the Justices concur.*

No. 6595. MARCH 1, 1929.

*W. W. Armistead* and *Lamar C. Rucker,* for plaintiffs.
*J. D. Bradwell,* for defendants.