DeLaPerriere *et al.*, executors, *v.* WILLIAMS *et al.*

No. 8778.   August 11, 1932.

*John I. Kelley* and *Joe Quillian,* for plaintiffs.

*Erwin, Erwin & Nix, Clifford Pratt,* and *G. A. Johns,* for defendants.

Bell, J. This case originated as a suit by G. W. DeLaPerriere against J. M. Williams and others, to recover a judgment against Williams upon a note executed by him to Cooper and Brush and indorsed to the plaintiff, and to subject to the payment of this indebtedness certain assets alleged to have been transferred and conveyed by Williams to the other defendants respectively for the purpose of delaying and defrauding the plaintiff as a creditor of Williams. The petition was held good in part, and therefore not subject to general demurrer, in 167 *Ga.* 648 (146 S. E. 482). Other proceedings were had in the court below, including a suit by one of the defendants against a third person involving claims to some of the same property, and also an additional suit by the plaintiff to subject other property to the plaintiff's indebtedness against the defendant Williams. Pending the litigation G. W. DeLaPerriere died testate, and his executors were made parties plaintiff in his stead. The several cases were finally consolidated into one case, and all issues were referred to an auditor for determination. The auditor made a report, including findings of fact, and to some of these findings the executors excepted. These exceptions were overruled by the trial court, and after final judgment the executors brought the case to this court for review. The only contentions made by counsel for the plaintiffs are in relation to the auditor's findings of fact upon the following issues: (1) The question as to whether certain cotton stored in a warehouse was the property of the debtor, J. M. Williams, or was owned by his brother, H. P. Will-

iams, to whom the warehouse receipt was issued. (2) The question as to whether a certain promissory note held by H. P. Williams was owned by himself or was the property of the debtor, J. M. Williams. (3) The question of whether or not a certain fi. fa. was the property of Mrs. Maggie Williams, the wife of the defendant J. M. Williams, or was in equity the property of the defendant, despite a purported transfer of the fi. fa. to Mrs. Williams.

The auditor found against the plaintiffs in error upon each of these questions, concluding that the property referred to should not be subjected to the debts of the defendant Williams. It is insisted in behalf of the plaintiffs that each of these findings was without evidence to support it and contrary to all evidence in the case. This is the only contention made, and thus the whole case is dependent solely and altogether upon a consideration of the evidence. After a careful examination of the evidence, this court can not say, as a matter of law, that any finding of the auditor was contrary to the evidence or without evidence to support it. In view of the issues involved, it would serve no useful purpose to discuss the evidence in detail. This was a suit in equity, and in an equitable proceeding exceptions of fact to an auditor's report are to be submitted to the jury only when approved by the trial judge; and in such a case there is no abuse of discretion on the part of the trial judge in refusing to approve an exception of fact, where the evidence is sufficient to support the finding of fact as made by the auditor. Civil Code (1910), § 5142; *Fowler* v. *Davis,* 120 *Ga.* 442 (2) (47 S. E. 951); *Orr* v. *Cooledge,* 125 *Ga.* 496 (3) (54 S. E. 618); *Faucett* v. *Rogers,* 152 *Ga.* 168 (108 S. E. 798).

*Judgment affirmed. All the Justices concur.*