McDUFFIE *et al. v.* MERCHANTS AND CITIZENS BANK
OF McRAE.

No. 9687. SEPTEMBER 15, 1933.

*William B. Kent* and *Thomas J. Sappington,* for plaintiffs.
*W. S. Mann* and *W. S. Mann Jr.,* for defendant.

GILBERT, J. The case arose by the filing of the petition by Mrs. McLean (now Mrs. McDuffie) and Mrs. Strozier, seeking to enjoin the sale of described land under a security deed, and praying that the liens held by the bank be canceled. The case has twice been before this court, and reference is made to the decisions then made for facts not here stated, and not deemed essential for the purposes of the present issue. *McDuffie* v. *Merchants Bank,* 168 *Ga.* 231 (147 S. E. 111) ; *McDuffie* v. *Merchants & Citizens Bank,* 172 *Ga.* 434 (157 S. E. 467). When the case came on for a third trial it was referred to an auditor, who in due time filed his report. Complainants filed exceptions, and amended them. The defendant demurred to all of the exceptions, and the demurrer was sustained. The court thereupon approved the report of the auditor, and rendered a final judgment in accordance therewith. The exceptions to the auditor's report and the demurrers thereto are as follows :

"1. And now come the plaintiffs, and, as a matter of law, ·except to the ruling and judgment of the auditor as set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 14, 15, 17, 18, 19, 20, 21, 24, 25, 26, 37, and 38. The plaintiffs except to the part of paragraph 37 that states that the 25-acre tract should be charged with the payment of two fifths of the stated amount, or any amount. The plaintiffs say that the auditor erred in making the rulings in said paragraphs. The record shows that the case has been settled

by two prior judgments of the Supreme Court, as set out in the 168th *Ga. Report,* page 231, and in the 172nd *Ga. Report,* on pages 434—same parties,—and the findings to the contrary of the learned auditor are wrong, illegal, contrary to law, contrary to the evidence and to the weight of the evidence, and are without any law and evidence for the same.

"2. Plaintiffs further except, as a matter of fact, to the finding of the auditor as set forth in paragraphs 16, 34, and 35. Each and every ruling of the learned auditor as appear in his findings are illegal, contrary to the law and contrary to the evidence and to the weight of the evidence, and are all contrary to the law and the weight of the evidence in their entirety. Each finding separately and each reason given for the same are illegal, contrary to law, without any law and evidence for the same. Each ruling as made by the learned auditor are excepted to as they appear in his report are taken up as they appear in the report of the auditor—all made a part of these exceptions just as they appear in the said report, and each ruling and finding are excepted to as being contrary to the law and without any law and evidence for the same.

"3. Plaintiffs except to any and all rulings that would tend to make said 25-acre tract chargeable with the payment of any part of said Forman debt, on the grounds that when the bank took warranty deed to lot 15 with full knowledge of the fact that the Forman debt was still unpaid, it took it, as a matter of law, as a merger of title; and that said action caused the said Mrs. Frances B. Sappington, one of the plaintiffs, to advance money on said 25-acre tract, being justified in doing so on the theory of merger of title."

■ The Civil Code (1910), § 5135, provides: "Within twenty days after the [auditor's] report is filed and such notice given, either party may file exceptions, to be separately classified as 'exceptions of law' and 'exceptions of fact.' All exceptions shall clearly and distinctly specify the errors complained of." The complicated character of cases referred to auditors and the lengthy records are the reasons for that rule. *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874). It does not appear in the present case that there was any objection to the reference of the case to an auditor. Exceptions, under the section cited, should contain all facts and rulings necessary to show harmful error. *Mason* v. *Commissioners,* 104

*Ga.* 35 (30 S. E. 513). They should not be so incomplete as to force the court to search through the record to find error. *Hudson* v. *Hudson,* supra; *Baxter* v. *Camp,* 126 *Ga.* 354 (54 S. E. 1036). "'The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law. *Orr* v. *Cooledge,* 125 *Ga.* 496 (54 S. E. 618) ; *Winkles* v. *Simpson Grocery Co.,* 132 *Ga.* 32 (63 S. E. 627) ; *McCord* v. *City of Jackson,* 135 *Ga.* 176 (4), 177 ('69 S. E. 23).' *Smith* v. *Wilkinson,* 143 *Ga.* 741 (85 S. E. 875)." *Faucett* v. *Rogers,* 152 *Ga.* 168, 172 (108 S. E. 798). A general exception is insufficient. *Bird* v. *South Georgia Industrial Co.,* 150 *Ga.* 420 (104 S. E. 232) ; *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131 (48 S. E. 984). And see generally, on the subject, *Rogers* v. *Johns,* 169 *Ga.* 710 (151 S. E. 362) ; *Persons* v. *Persons,* 171 *Ga.* 212 (155 S. E. 27) ; *Loyd* v. *Camp,* 172 *Ga.* 510 (158 S. E. 40) ; *Woodward* v. *Williams Brothers Lumber Co.,* 176 *Ga.* 107 (167 S. E. 169). Under uniform rulings of this court, each of the exceptions was subject to general demurrer, and the court did not err in so holding.

■ When the case was first before this court the judgment refusing a new trial was reversed upon a single ground, to wit: "The verdict, finding in effect that only one of the tracts of land may, by sale under the power of sale in the Forman deed, be subjected to the entire liability, is contrary to the law and the evidence. In the circumstances of this case, before the smaller tract of land alone could be sold under the power of sale contained in the security deed conveying both tracts, it is necessary that there be a judicial determination of the proportion in value which each respective tract bore to the amount of the debt, so that neither tract shall be held liable for more than its part of the joint liability." That decision fixed the law of the case. The case, by a direct bill of exceptions, again came before this court. The judgment of the trial court was reversed. The court declared that "the subsequent trial was on substantially the same issues. . . The judge, in rendering the deci-

sion upon which error is assigned in the main bill of exceptions, failed to apply the principles above announced by this court." In the opinion in the latter case a portion of the first paragraph of the opinion in the first case was inadvertently quoted. The excerpt now quoted is the principle which the trial court had "failed to apply." An examination of the first decision (168 *Ga.* 235) will demonstrate that the judgment was reversed for the reason stated in the fourth paragraph of the decision. On the last trial the issue was restricted to the principles ruled in the fourth paragraph of the division in 168 *Ga.* 835.

■ Under the law of the case as fixed by this court, all exceptions to the auditor's report having been stricken, the judge did not err in approving the report of the auditor, or in rendering the final judgment in accordance therewith in favor of the defendant bank. *Judgment affirmed. All the Justices concur.*