ALMAND, receiver, *et al. v.* CROCKETT.

No. 10193.   FEBRUARY 28, 1935.

*Williams & Williams* and *R. Earl Camp,* for plaintiffs in error.
*C. C. Crockett,* contra.

ATKINSON, Justice. The Code of 1910, § 5135 (Code of 1933, § 10-301), provides: "Within 20 days after the [auditor's] report is filed and such notice given, either party may file exceptions, to be separately classified as 'exceptions of law' and 'exceptions of fact.' All exceptions shall clearly and distinctly specify the errors complained of." It has been held: "Exceptions to an auditor's report ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of

the record to search for evidence relating to that particular point, but the exception should be complete in itself." *Baxter* v. *Camp*, 126 *Ga.* 354 (3). See also *Coosa Land Co.* v. *Edgerton Manufacturing Co.*, 165 *Ga.* 808; *Robinson* v. *Reese*, 175 *Ga.* 574; *Fitzgerald* v. *Woodward*, 176 *Ga.* 109-111; *McDuffie* v. *Merchants & Citizens Bank of McRae*, 177 *Ga.* 695. In the instant case error is assigned upon the judgment overruling exceptions of law to the auditor's report. None of the exceptions are complete within themselves. Neither the rulings complained of nor the exceptions thereto are understandable without resort to other parts of the record or the evidence. Each exception fails to "distinctly specify the errors" as required by the statute. The judge did not err in overruling the exceptions and in rendering a final decree confirming the report of the auditor.

> *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs specially.