18374. SIMON WOLF ENDOWMENT FUND, INC., v. WEST et al.
18375. WEST v. SIMON WOLF ENDOWMENT FUND, INC., et al.

DUCKWORTH, Chief Justice. 1. The exceptions of law and exceptions of fact not being sufficiently clear and definite in setting out the exceptions and the evidence in support thereof, and in failing to clearly and distinctly specify and point out the errors committed by the examiner in reaching the conclusions reported by him, the court did not err in sustaining the demurrer filed to the exceptions of law, but did err in overruling the demurrer to the exceptions of fact. Code §§ 60-304, 10-301; *Mason* v. *Commissioners &c. for Dekalb County,* 104 *Ga.* 35 (30 S. E. 513); *Littleton* v. *Patton,* 112 *Ga.* 438 (4) (37 S. E. 755); *Fleetwood* v. *Bibb,* 113 *Ga.* 618 (38 S. E. 980); *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287); *Weldon* v. *Hudson,* 120 *Ga.* 699 (48 S. E. 130); *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968); *Woodward* v. *Williams Bros. Lumber Co.,* 176 *Ga.* 107 (167 S. E. 169); *McDuffie* v. *Merchants' &c. Bank,* 177 *Ga.* 695 (170 S. E. 805); *Willis* v. *Forman,* 180 *Ga.* 193 (178 S. E. 440).

2. And the exceptions of law not being clear and definite in accordance with Code § 10-301, and as ruled above, there was nothing to amend, and for this reason the court did not err in sustaining the objections and demurrer to the exceptions of law as amended. See Code § 81-1301; *Clements* v. *Fletcher,* 161 *Ga.* 21 (129 S. E. 846); *Sizer & Co.* v. *G. T. Melton & Sons,* 129 *Ga.* 143 (58 S. E. 1055); *Faucett* v. *Rogers,* 152 *Ga.* 168 (108 S. E. 798); *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005).

*Judgment affirmed on the main bill and reversed on the cross-bill of exceptions. All the Justices concur.*

ARGUED OCTOBER 14, 1953—DECIDED NOVEMBER 9, 1953.

*Geo. Starr Peck,* for plaintiff in error.
*Mitchell & Mitchell, Grant, Wiggins, Grizzard & Smith, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, Harold Sheats, Durwood T. Pye, E. A. Wright, Standish Thompson,* contra.

The main bill of exceptions here excepts to the sustaining of a demurrer to and motion to dismiss the amended exceptions of law of Simon Wolf Endowment Fund, Inc., filed to the report of the examiner in a land-registration action, and to the judgment decreeing title to the property in question to be in Thomas B. West. The antecedent ruling is apparently based upon the opinion of the judge that there was nothing to amend by in the original exceptions of law, which were as follows: (1) "Intervenor excepts to the finding that the tax deed divested the title

of the fund under its security deed." (2) "Intervenor excepts to the finding that regardless of the tax sale, the title of the fund (intervenor) under the security deed was extinguished and reverted by reason of its failure to begin foreclosure proceedings within 20 years from the maturity of the note." (3) "Intervenor excepts to the finding that the insanity of Owens and the fact that he thereafter had no guardian and after his death his estate was unrepresented for many years did not have the effect of tolling the 20-year period stated in Code section 67-1308, and that the statutes of limitation applicable to ordinary actions and provisions of law with respect to the tolling of statutes of limitations against unrepresented estates have no application to Code section 67-1308." (4) "Intervenor excepts to the finding that the levy by the City of Atlanta was not excessive and that the description in the levy and in the deed, under all the facts, is sufficient to convey the tract in dispute." (5) "Intervenor excepts generally to the findings of law of the examiner."

The cross-bill of exceptions is to the overruling of certain grounds of the demurrer and motion to dismiss the exceptions of fact of Simon Wolf Endowment Fund, Inc., which were as follows: (1) "Intervenor excepts to the finding of fact of the examiner that the sale was in the depth of the depression and that the value of the tract at this time was entirely speculative and it could be put to no economical use in its then condition and that the cost of filling in the property would have exceeded its value at the time after it had been filled in, and that its value was not in excess of $200.00." (2) "Intervenor excepts generally to the findings of fact of the examiner."

The exceptions of law and of fact were filed on March 22, 1952, and on April 6, 1953, over one year later, the demurrer and motion to dismiss the exceptions, the amendment offered to the exceptions allowed filed subject to demurrer and objections, and the objections, demurrer, and motion to strike the exceptions as amended, were all filed. In order to expedite the submission of all exceptions of fact for determination by a jury, it was stipulated that the court would rule on the demurrers to and motion to dismiss the exceptions of fact filed by Simon Wolf Endowment Fund, Inc., without prejudice to a later ruling on the demurrer and motion to dismiss the exceptions of law. Cer-

tain of the grounds of the demurrer and motion were then over-ruled, and the cross-bill of exceptions here is to this judgment.

At a later date, the court sustained the renewed demurrer, objections, and motion to strike the exceptions of law, as amended and decreed title to be in Thomas B. West subject to certain tax liens. The main bill of exceptions is to this final judgment and to the antecedent ruling above.