20952. MORRIS v. JAMES.

SUBMITTED JULY 11, 1960—DECIDED SEPTEMBER 8, 1960.

*Murphy & Murphy,* for plaintiff in error.
*Otis L. Davis,* contra.

ALMAND, Justice. This was a suit brought by C. M. James, in which the plaintiff in error, L. R. Morris, was named as a defendant, in the Superior Court of Douglas County, to register title to a tract of land under the provisions of the land-registration act. An examiner was duly appointed in the case, and on October 15, 1959, he filed his final report as amended.

On October 29, 1959, the defendant filed his exceptions to said report; and on January 16, 1960, the plaintiff filed a written motion to strike the exceptions on the grounds: (a) that the exceptions to the examiner's conclusions of law and fact are all dependent for a decision on the evidence, and that the evidence is neither set forth in connection with each exception of law or fact nor is appropriate reference made or exhibits attached as to the evidence relied on in connection with said exceptions; and (b) that the exceptions of law and fact are not sufficiently clear and definite in setting out exceptions and evidence in support thereof. The matter came on for a hearing on March 21, 1960, and the defendant made an oral motion to strike the plaintiff's motion to strike the exceptions, on the grounds that same had not been filed within the time required by law, and on the further ground that said motion did not set out with sufficient particularity the plaintiff's objections so as to advise the defendant wherein said exceptions failed to meet the requirements of law.

The court overruled the defendant's motion and struck the exceptions to the examiner's report, and on the same day entered a final judgment, decreeing title to the land involved to be in the plaintiff. The bill of exceptions assigns error on these rulings and on the final judgment.

1. "The neglect of a party excepting to an examiner's report on matters of fact, or on matters of law dependent for a decision on the evidence, to set forth, in connection with each exception of law or fact, the evidence necessary to be considered in passing thereon, or to point out the same by' appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is sufficient reason in a land-registration proceeding for dismissing or disapproving the exceptions of fact and for overruling or dis-

missing the exceptions of law." *Davis v. Varn Turpentine &c. Co.,* 167 Ga. 690(2) (146 S. E. 458). See also *Bird v. South Ga. Industrial Co.,* 150 Ga. 420 (104 S. E. 232); *Manion v. Varn,* 152 Ga. 654 (111 S. E. 30); *Simon Wolf Endowment Fund v. West,* 210 Ga. 172 (78 S. E. 2d 420). The failure to set forth the evidence in the manner set out above is a defect of substance, and renders the exceptions subject to general demurrer or to a motion to dismiss or strike in the nature of a general demurrer. *McDuffie v. Merchants &c. Bank of McRae,* 177 Ga. 695, 697 (170 S. E. 805), and cases therein cited. Accordingly, there is no merit in the defendant's contention that the alleged defects in his exceptions could be questioned only by special demurrer, which under *Code Ann.* § 81-301 should have been filed within 15 days of the filing of the exceptions, and the trial court did not err in denying the defendant's motion to strike the plaintiff's motion to strike the exceptions.

2.  Under the above-quoted principle of law, the court did not err in striking the defendant's exceptions to the examiner's report in their entirety. Each of the defendant's six exceptions to the examiner's conclusions of fact and three exceptions to the examiner's conclusions of law were dependent for decision on the evidence, and the defendant wholly failed in connection with each of the grounds of his exceptions to set forth the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support them.

3.  It is contended that the final decree was contrary to law because the court had illegally struck the defendant's exceptions, and that a question of fact was raised by said exceptions, to be passed on by a jury. Having held that the court properly struck the defendant's exceptions—it follows that there was no issue to be submitted to the jury. *Davis v. Varn Turpentine &c. Co.,* 167 Ga. 690(4), supra. This assignment of error is without merit.

*Judgment affirmed. All the Justices concur.*