MARY J. BRADY *et al.*, plaintiffs in error, *vs.* SIMEON WALTERS, defendant in error.

1. Where land was conveyed to B., the wife of C, for her sole and separate use, and for the use of her children born and to be born by the said C., to have and to hold the same for the uses aforesaid, a trust estate was created in B. for her sole and separate use, and for the use of her children, as above described.

2. The trust was not executed until all probability of the birth of any more children from B. by C., had become extinct.

3. The fraud necessary to defeat a title by prescription, under section 2683, must be such as would affect the conscience of the party obtaining it with bad faith and moral turpitude. The mere fact that the deed under which the defendant holds was the result of a sale by a trustee, not made in strict conformity to law, does not constitute such fraud.

4. Where the legal title to land was in a trustee for infants, and he fails to institute suit therefor until his right of action was barred, the *cestui que trusts* are also barred.

VOL. LV. 3.

Trusts. Prescription. Fraud. Statute of limitations. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1874.

Reported in the decision.

W. A. HAWKINS; B. P. HOLLIS; J. W. BRADY; G. W. WOOTEN, for plaintiffs in error.

COOK & CRISP, for defendant.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs against the defendant to recover the possession of lot of land number two hundred and ten, in the twenty-seventh district of Sumter county. On the trial of the case, the jury, under the charge of the court, found a verdict for the defendant. A motion was made by the plaintiffs for a new trial on the several grounds set forth therein, which was overruled by the court, and the plaintiffs excepted.

The plaintiffs claim title to the land in dispute under a deed made by Wright Brady, dated 26th of January, 1860, by which the grantor conveyed the lot of land to Mary Jane Brady, the wife of Martin J. Brady, for her sole and separate use, and for the use of her children born and to be born, to have and to hold the same for *the uses aforesaid.* Some time in the year 1863, probably in October, the exact date does not appear, Mary Jane Brady and her husband, petitioned the judge of the superior court to appoint the said Martin J. Brady, the husband of said Mary Jane, trustee for herself and children, and also prayed for an order to sell said land, and invest the proceeds thereof in more productive property, for the benefit of the said Mary Jane and her children. On hearing and considering the application, the judge appointed Martin J. Brady trustee for his wife Mary Jane and her children, naming them, upon his giving bond and security in the sum of $4,000 00 faithfully to account to his *cestui que trusts* for the product of said sale and the investing the

same in any other property for their benefit, and that he make a proper return of his actings and doings in the premises to the next term of Sumter superior court. The bond and security was given by the trustee in pursuance of the order, and leave was granted by the order of the judge to the trustee to sell the land as prayed for, and for the purpose as therein specified, and to make a deed of conveyance to said lot of land, as trustee, to the purchaser thereof. The order is silent as to whether the trustee should sell the land at public or private sale. It appears from the evidence in the record that the trustee sold the land to the defendant, Richardson, at private sale, for the consideration of $6,000 00, and on the 26th of December, 1863, made him a deed thereto, as trustee, reciting therein that it was made in pursuance of the aforesaid order of the judge of the superior court. Richardson went into possession of the land under that purchase and deed, and continued in possession thereof, either by himself or tenants, up to the commencement of the plaintiffs' action on the 4th of September, 1872. The defendant set up in his plea a title by prescription, under his seven years possession under color of paper title and claim of right, by virtue of his purchase from the trustee of the plaintiffs, as before recited.

1. The deed from Wright Brady to Mary Jane Brady created a trust estate for her *sole and separate use,* and for the use of her children then born and to be born, in the land conveyed by it. No formal words are necessary to create a trust estate: Code, section 2305. When Martin J. Brady was appointed trustee by the judge for his wife and children, the legal title to the lot of land was in him for the uses declared in the deed of Wright Brady; that is to say, the legal title to the land was in the trustee so appointed, in order to protect it for the *sole and separate use* of the said Mary Jane, and for the use of her children then born and to be born.

2. The trust was not executed, at least until all probability of the birth of any more children of Mary Jane by Martin J. Brady had become extinct. In relation to that point in the case, the evidence in the record is silent.

3. It is insisted that the ease of *Loyless vs. Blackshear*, 43 *Georgia Reports*, 327, is like this case, and should control it. That was a case for the partition of land. The deed in that case from Walker to Patrick Mills, trustee, conveyed the land to Martha Mills and her children, in *fee simple*, as tenants in common ; there was no use, or trust, created by that deed for the benefit of Mrs. Mills or her children ; the legal title to the land vested in them under that deed as a *fee simple estate ;* there was nothing for the trustee to do in that case. It was further insisted on the argument, that the sale of the land was illegal, because it was a private and not a public sale, as required by the 2328th section of the Code. That argument might be sound, if the defendant was relying upon a strictly legal paper title to the land. But it is said the defendant cannot claim a prescriptive title to the land under his seven years adverse possession under written evidence of title, because he had notice at the time he purchased from the trustee, that the sale was not made as the law required it to be made, and therefore, his written evidence of title was fraudulent, within the true intent and meaning of the 2683d section of the Code. The defendant purchased the land from the trustee in pursuance of an order of the judge of the superior court which authorized the trustee to sell it and to make a deed of conveyance to the purchaser, without stating therein whether the sale of the land should be at public or private sale. In our judgment, the purchase of the land by defendant from the trustee, at private sale, and taking his deed therefor in pursuance of said order, did not make that written evidence of title *fraudulent* within the sense and meaning of the statute. The fraudulent title contemplated by the statute is such fraud as would affect the conscience of the party procuring it with bad faith and moral turpitude.

4. The court charged the jury, in substance, that if the *cestui que trusts* were represented by a trustee, and that if the trustee sold under an order of court to defendant for a valuable consideration, and defendant went in under such purchase without notice of any fraud, and he and those claiming under

him have been in possession seven years before this suit, plaintiffs cannot recover. Whilst the law applicable to the facts of the case in relation to the defendant's prescriptive title, was not as fully and clearly stated in the charge of the court as it might have been, yet, it was substantially correct, in view of the evidence in the record. The legal title to the land in dispute being in the trustee, he could have instituted suit for the recovery of the possession of it, and if he failed to do so until his right of action was barred by the statute, his *cestui que trusts*, the plaintiffs, were also barred. This case comes within the ruling of this court in *Wingfield, administrator, vs. Virgin et al.*, 51st *Georgia Reports*, 139, and must be controlled by it.

Let the judgment of the court below be affirmed.