GEORGE M. PECK

v.

THE McCORMICK HARVESTING MACHINE COMPANY.

*Opinion filed April 16, 1902.*

ACTIONS AND DEFENSES—*breach of contract within Statute of Frauds no defense to suit on note.* The breach of an oral agreement within the Statute of Frauds cannot be set up as a defense by way of recoupment for damages to an action on a promissory note.

*Peck* v. *McCormick Harvesting Machine Co.* 94 Ill. App. 586, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was a suit by appellee on a promissory note for $2000, made by S. W. Chapman as principal and by the appellant, George M. Peck, as surety. The cause was tried upon one special count and the general issue. The defense to the note was, recoupment for damages sustained by appellant's principal, S. W. Chapman, for the breach of an oral contract between Chapman and the appellee.

It was shown by the evidence that S. W. Chapman and the president of the appellee company, C. H. McCormick, had a conversation on May 3, 1893, in which this alleged oral contract was talked about. Chapman had been appellee's general agent for Elgin and vicinity, and being in poor health wished to give up the agency. McCormick wanted to know what was to be done with the stock of machinery, vehicles, etc., on hand at Elgin, which was carried for the purpose of helping the sale of appellee's machines but was not of appellee's make. Chapman replied that if he could have a long time to pay for it, and a low rate of interest, and the exclusive sale of appellee's machines during the life of the notes he would give for

the purchase money and until they should be paid, and the use of the warehouse, he would buy the stock himself. McCormick said that he wanted him "to continue one of the family" and sell appellee's machines at Elgin and vicinity exclusively. He said that the company would not think of selling to him unless he did, or something to that effect, and told him to go ahead and take the inventory. The inventory was made and five notes were given by Chapman to the company, payable in one, two, three, four and five years, the aggregate amount of which was the amount of the inventory, less ten per cent for depreciation. Chapman was to be local agent and sell on commission. Chapman testified he supposed the contract would be reduced to writing. McCormick said at the time that Chapman would have to make an annual contract, the same as every local agent had to make. The commissions were regulated each year, because they changed. Some years the prices were lower than in others, and nothing was said about commissions or price of the machinery to be sold for appellee. A new written contract was made with Chapman every year, without which he could not have sold appellee's machinery. Four such annual contracts were made, but appellee refused to make a contract with Chapman for 1897,—the fifth year,—and that year invaded the territory assigned to Chapman in 1896, by furnishing its machinery to other agents to sell. Appellee refused to give him a contract for 1897 because he had taken a partner who was selling a rival machine, which was in violation of his agreement in the annual contracts not to be interested, directly or indirectly, in the sale of any rival machine. All the notes given by Chapman were paid, except the one on which this suit was brought. Appellee's defense to the oral contract was the Statute of Frauds, and that it was indefinite and uncertain.

At the conclusion of the evidence the trial court instructed the jury to find for the plaintiff and rendered

judgment on the verdict.   On appeal this judgment was affirmed by the Appellate Court for the First District.

BOTSFORD, WAYNE & BOTSFORD, for appellant.

JOHN C. EDWARDS, and WILLIAM T. UNDERWOOD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Inasmuch as there is no plea of failure of consideration, wholly or in part, we need not consider whether the consideration for the note sued on had failed or not.  The case was tried on the general issue, and no question is raised on the pleadings.  The questions presented by counsel are, whether there was such an oral contract between Chapman and appellee as is alleged by appellant, and if there was, whether it was void, as in violation of the Statute of Frauds.  Appellant insists there was such a contract, and that he is entitled to recoup to the extent of the damages sustained by Chapman caused by appellee's breach of such contract in invading Chapman's territory in 1897 and in refusing to make a contract with him for 1897.  Appellee insists that the oral contract was incomplete and was too indefinite to be enforced, but that if it were considered sufficiently definite, still, neither party could perform it within one year, and that the contract being within the Statute of Frauds, no suit could be maintained for a breach of it and no recoupment could be had in this action.

It is clear that the contract could not have been performed within the year.  We are therefore unable to see how the defendant could have damages by way of recoupment for the breach of it by the plaintiff.  (*McGinnis* v. *Fernandes*, 126 Ill. 228; *Butcher Steel Works* v. *Atkinson*, 68 id. 421.)  Giving the appellant full benefit of all the testimony in the case, he has proved only an oral contract within the Statute of Frauds, and has consequently presented no legal defense to the action, even if such con-

tract were considered sufficiently definite to be otherwise enforceable. It follows that there was no error in instructing the jury to find for the plaintiff the amount due on the note.

The judgment will be affirmed.

*Judgment affirmed.*