## SHINGLER *et al.* *v.* BAILEY, administrator.

1. Some of the grounds of the motion for new trial complained that a verdict was demanded for the defendants upon their alleged prescriptive title; but as the judgment of the trial court refusing a new trial to the defendants, who lost before the jury, will be reversed on other grounds, and as the evidence may be different on another trial, no ruling will be made with reference to them or to the general grounds, all of which depend upon the evidence.

2. The charge of the court was inaccurate in several respects, and a number of exceptions thereto, as presented by the motion for new trial, were meritorious, as more fully stated in the second division of the opinion.

3. In light of the ruling in *Supreme Conclave Knights of Damon* v. *Wood*, 120 *Ga.* 328 (47 S. E. 940), the following charge was not erroneous, and, in the absence of a request for more specific instruction upon the subject, afforded no ground for a new trial: "Another rule I give you in regard to weighing the testimony is this: In civil cases you will be governed by a preponderance of the testimony; that is a greater weight of the testimony, which is that degree of testimony that inclines your minds and consciences to believe one side of a proposition or issue rather than the other side."

4. The evidence as to the loss of the original plat and grant from the State, under which the defendants claimed, was sufficient to authorize the admission in evidence of a duly certified copy thereof.

5. A question and answer propounded to and answered by a witness as follows: "If a person should walk through those lots of land that have been turpentined, would they be able to see that possession had been taken of them? A. Yes, sir; unless they were blind," were objectionable on the ground that the answer amounted to the expression of an opinion, and it was properly excluded. This evidence was different in character from that referred to in *Pride* v. *State*, 133 *Ga.* 438 (66 S. E. 259).

6. The evidence as to the loss of a certain contract between two of the defendants, relating to the land in dispute, was sufficient to authorize the introduction of secondary evidence of the original.

7. It was competent on cross-examination to ask the following question and elicit the answer thereto: "If anybody had stated that lot 231 had been turpentined continuously for over seven years prior to the time this suit was brought, you would not be prepared to state it was untrue, would you? Answer: No, sir," the witness having been offered for the purpose of showing that there had not been possession for sufficient time for title by prescription to mature, and having testified on his direct examination in effect that there had been no possession by defendants for the requisite period.

8. It was erroneous to admit, over the objection that it was irrelevant, evidence to the effect that the witness had heard the land in dispute "called the Bailey lot by settlers around there," there being no evidence to show that any of the defendants had heard it so called. Also, evidence to the effect that the witness had heard the husband of one of the defendants, under whom such defendant claimed as an heir at law, tell the father of the witness that he had a quitclaim deed to the land in

dispute, which some one had made him, but he did not claim the lot; the deed so referred to being one under which such defendant was attempting to prescribe, but no effort being made to tack the possession of the husband to that of the prescribor in order to make out the prescription, and there being no evidence tending to show that the prescribor had notice of the alleged admission. Prescription might be based even on a forged instrument if the prescribor entered possession under it in good faith. *Millen* v. *Stines*, 81 *Ga.* 655 (8 S. E. 315), and citations.

FEBRUARY 15, 1911.

Complaint for land. Before Judge Park. Decatur superior court. December 20, 1909.

*J. R. Pottle* and *Donalson & Donalson,* for plaintiffs in error.
*E. S. Longley* and *T. S. Hawes,* contra.

ATKINSON, J. W. C. Bailey, as administrator de bonis non cum testamento annexo on the estate of W. H. Bailey, deceased, instituted suit against T. J. and J. S. Shingler, Mrs. A. E. Yeates, John E. Donalson, and the Chattahoochee Lumber Company. The action was complaint for land and for damages from cutting timber. The jury returned a verdict finding for the plaintiff only the land in dispute. The defendants made a motion for new trial, and excepted to the order refusing it.

1. The ruling announced in the first headnote does not require elaboration.

2. The charge of the court was inaccurate in several respects, and a number of exceptions thereto, as presented by the motion for new trial, were meritorious. After giving in charge section 3582 and a part of section 3584 of the Civil Code of 1895 (Civil Code (1910), §§ 4162, 4164), the judge elaborated upon the character of possession necessary to form the basis of prescription, and among other things said: "it must be uninterrupted by a lawsuit or any thing of that sort, or by another person coming in and claiming against it." The mere pendency of "a lawsuit or any thing of that sort," or the "coming in" of another person and "claiming against" the possession would not necessarily cause a breach in the continuity of possession, and the language of the judge was inapt and liable to mislead the jury.

Applicable to a deed executed in 1868, prior to the adoption of the Code of 1895, but not recorded until 1908, the judge instructed the jury, in effect, that in order for actual possession of one tract embraced in a deed to extend constructively to other tracts embraced therein, so as to ripen into a prescriptive title, the deed must

have been on record "during the time that the prescription ripens." This ruling was excepted to on the ground, that, relatively to a deed executed prior to the adoption of the Code of 1895, it was not necessary that it be recorded in order for it to operate as color of title. The charge was open to this criticism. *Roberson* v. *Downing Co.,* 120 *Ga.* 833 (48 S. E. 429, 102 Am. St. R. 128) ; *Dodge* v. *Cowart,* 131 *Ga.* 549 (62 S. E. 987).

In a separate ground of the motion for new trial further criticisms were made upon the same charge; but in view of the ruling above announced, the charge will not likely be repeated on another trial, and it is unnecessary to deal with the further criticisms upon it.

In another ground of the motion complaint was made of a charge relating to the effect of fraud upon the part of the prescribor in an effort to establish prescription, one assignment of error being that there was no evidence of fraud sufficient to authorize the charge upon that subject. The only evidence upon which such a charge could be based was to the effect that in the year 1841 the land was granted by the State of Georgia to Sarah Bailey, and that the legal title had always remained in the Bailey family, and one witness testified, in effect, that he had heard a number of the neighboring settlers call the land in question "the Bailey lot," but he did not know whether that information was ever communicated to either of the defendants. Another witness testified, that, many years before the trial, when witness was a small boy, he heard the husband of one of the defendants, under whom such defendant claimed, tell the witness's father that he had a deed to the lot of land, which had been made in order to keep negroes from settling close to him, but that he did not own the land. All of the other evidence tended to show good faith upon the part of the defendants, and to show affirmatively that none of them had ever heard the lot called the Bailey lot, or that statements in disparagement of the title, as above stated, had been made. The evidence was insufficient to authorize the charge complained of. Mere rumor will not suffice to charge notice. *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801). To defeat prescriptive title the fraud of the party claiming thereunder must be such as to charge his conscience. He must be cognizant of the fraud, not by constructive, but by actual notice. *Ware* v. *Barlow,* 81 *Ga.* 1 (6 S. E. 465) ; *Lee* v. *Ogden,* 83 *Ga.* 325 (10 S. E. 349).

Another ground of the motion for new trial complained of the charge wherein the jury were instructed that if one of the defendants entered a disclaimer after he had gone into possession under one of the deeds in his chain of title, the disclaimer "would be very high evidence that he did not own the property." The error assigned upon this charge was that it amounted to the expression of an opinion as to what weight and credit should be given to the evidence. In his plea one of the defendants entered a disclaimer, but subsequently amended his plea by withdrawing the disclaimer. What weight, if any, should have been attributed to the disclaimer as a circumstance tending to impeach the title of the defendant who made it was for determination by the jury, and the judge should not have expressed his opinion. If there had been no withdrawal of the disclaimer it would have been conclusive upon the defendant who made it (Civil Code (1895), § 5003 (Civil Code (1910), § 5581), and it would have been proper for the judge to instruct the jury to that effect. Other defendants made disclaimers to separate parts of the land in controversy, and did not amend their pleadings by withdrawing the disclaimers. As to these it would have been proper for the judge by appropriate instructions to restrict them in accordance with their disclaimers; but it was inappropriate to charge, in general terms, as complained.

3. The rulings announced in the third, fourth, fifth, sixth, seventh, and eighth headnotes do not require elaboration.

*Judgment reversed. All the Justices concur.*