SAUNDERS *v.* STATEN, executrix, *et al.* (two cases).

PER CURIAM. 1. The contention that the "land-registration act" (Acts 1917, p. 108) is void because the sixteenth and twentieth sections of said act violate the due-process clause of the constitutions of Georgia (Civil Code of 1910, § 6359) and of the United States (Civil Code, § 6700) is controlled adversely to the plaintiffs in error by the decision in *Crowell* v. *Akin,* ante, 126.

2. The contention that section twenty of said act is void because it violates the provisions of the State constitution (Civil Code of 1910, § 6545), which declares that "the right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate," is also controlled adversely to the plaintiffs in error by the decision just cited.

3. The filing of an equitable petition against the lessees of one in possession of land, and the grant, by consent, of an interlocutory injunction as prayed, restraining the defendants from further working timber on said land for turpentine, and also providing that the defendants, upon giving bond in a stated sum, might continue working the timber for turpentine purposes until the trial of the case, but not to cut any new boxes, or, if defendants preferred, upon depositing the net proceeds of the sales of the turpentine products in a stated bank to await the final disposition of the case, said lessees having given the bond and continued to work the timber, and it appearing that said suit has never proceeded to final trial or any other disposition, but remains open on the docket, and the lessors of the defendants in possession of the land at the time of the filing of the suit having continued to occupy the land by their agents and tenants who resided thereon and cultivated a portion of the land, will not be sufficient to interrupt the adverse possession of the lessor who seeks to establish title by prescription under color.

4. "Where the petitioner, or any contestant of petitioner's right, shall demand a trial by jury upon any issue of fact arising upon exceptions to the examiner's report, the court shall cause the same to be referred to a jury." Acts 1917, p. 117 (the "land-registration act"). It has been held that this duty of the court is mandatory. *Crowell* v. *Akin,* supra. Nevertheless, where on the report of the examiner no issue of fact arises, and where there is no conflict in the evidence and the court renders a judgment in accord with the evidence, instead of empaneling a jury and directing a verdict, the failure to submit such undisputed facts to a jury is not injurious to the losing party, and therefore not cause for a reversal.

5. In these cases the evidence showed, without conflict, that the applicants

and those under whom they claimed had, prior to the filing of the petitions for registration, been in public, continuous, exclusive, uninterrupted, and peaceable possession of the land for the time required by statute to perfect a good title by prescription under color; and there was no evidence that such possession was not in good faith, or that it originated in fraud. None of the assignments of error show cause for a reversal of the judgment.

*Judgments affirmed. All the Justices concur, except Hill, J., absent, and Atkinson, J., dissenting from the ruling in the first and second headnotes.*

Nos. 2297, 2298.    SEPTEMBER 30, 1921.

Land registration. Before Judge Thomas. Echols superior court. September 14, 1920.

*J. L. Sweat* and *Wilson & Bennett,* for plaintiff in error.

*J. B. Hicks* and *Dan R. Bruce,* contra.