### 12620. GIBSON *v.* McAFEE.

HILL, J. 1. "Preponderance of evidence" was defined in the charge of the court as being "the greater weight of the evidence;" and error is assigned thereon upon the ground that by preponderance of evidence is meant "the superior weight of evidence." The trial court did not err in refusing to grant a new trial upon this ground. *Shingler* v. *Bailey,* 135 *Ga.* 666 (3) (70 S. E. 563).

2. Neither is there any merit in the other assignments of error. The evidence was in conflict, but there was evidence to sustain the verdict. The charge of the court was not erroneous for any of the reasons assigned, and the court did not err in overruling the motion for a new trial.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
        DECIDED OCTOBER 24, 1921.

Action for damages; from Cobb superior court — Judge Blair. May 22, 1921.

The action was for damages on account of the death of the plaintiff's wife, who was killed by the overturning of a truck owned and driven by the defendant and in which she was a passenger for

hire. On the trial of the case the plaintiff obtained a verdict for $400.

In the defendant's motion for a new trial it is alleged that the court erred in charging: " The burden is on the plaintiff to show his right to recover by a preponderance of the evidence, that is the greater weight of the evidence; and if the evidence in favor of the plaintiff is sufficient to incline your mind to his side of the case rather than to that of the defendant, then the preponderance of the evidence would be shown to be in the plaintiff's favor." It is alleged that this was error because " preponderance of evidence " means, not " the greater weight of the evidence," but " the suprior weight of evidence," and that " the court should have charged further that while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other." (Civil Code of 1910, § 5731.)

The charge of the court upon the measure of damages is complained of, on the ground that there was no evidence that the death of the plaintiff's wife was caused by negligence of the defendant.

The court charged: " The plaintiff alleges in his petition that he incurred an expense of $20 for doctor's bills and $100 for burial expenses. Of course, he can not recover more on these items than he has alleged." This is complained of as amounting to an expression of opinion that the plaintiff could recover the amounts stated.

A definition of " ordinary care and diligence " was given in the charge of the court, and the jury were instructed that " the absence of such care and diligence is termed ordinary neglect." It is alleged that this part of the charge was error because of the use of the word " care;" that while " the court charged correctly the rule on ordinary diligence " (Civil Code of 1910, § 3471), " ' care ' does not belong in that part of the charge; ' care ' means anxiety, concern, solitude [solicitude?], ' diligence ' means the opposite of negligence, . . and the rule for ordinary diligence is not the rule for ordinary care."

*Clay & Blair, H. B. Moss,* for plaintiff in error.
*Morris & Hawkins, Anderson & Roberts,* contra.