## KELLEY v. TUCKER.

No. 8906. OCTOBER 13, 1932.

*Price Edwards,* for plaintiff in error.

*Walter Matthews, Hooper Alexander,* and *W. R. Tucker,* contra.

BELL, J. This was a suit for land, brought by W. R. Tucker against Thomas J. Kelley. The verdict was in favor of the plaintiff, and the case is here on exceptions by the defendant to the overruling of his motion for a new trial. The plaintiff relied upon an alleged chain of title extending from the State of Georgia to himself, as shown in an abstract attached to the petition as an exhibit. The abstract was referred to in paragraph 6 of the petition. In his answer the defendant stated that paragraph 6 of the petition is "neither admitted or denied for the want of sufficient information." The defendant further contended that he had been in possession of the land for more than seven years under color of title, and had acquired title by prescription. The defendant's original motion for a new trial was amended by the addition of several special grounds. We have carefully considered each of these grounds, and have concluded that two of them were well taken. The other special grounds are without merit, and need not be discussed.

█ The defendant assigned error upon the following charge of the court: "One might have actual knowledge of an outstanding claim of title to land that he holds, but if he honestly and in good faith and for a valuable consideration enters on the land, believing that he has good title although another claims it, then title would ripen in him; provided also that he honestly and in good faith believes that he has good title, and that belief is founded on reason and good sense; in other words that he acts as a man of ordinary intelligence." This charge was excepted to upon the grounds, among others, that it placed upon the defendant the burden of proving that he exercised "reason and good sense" and acted as a man of "ordinary intelligence," in order to show that his entry was bona fide and in good faith, whereas intelligence is not the test of good faith in a claim based on prescription, but the test is whether the defendant had knowledge that the title under which he claimed was forged or fraudulent.

The facts to be considered in passing upon this ground of the motion for a new trial were as follows: After the plaintiff had shown what he contended was a chain of title from the State to himself, referred to as the McKee title, the defendant sought to prove the defense of prescription. It appeared from the evidence

that the defendant entered possession of the land in 1917, intending to succeed to the rights held by his predecessor under a bond for title apparently in no way connected with the title claimed by the plaintiff. This bond for title was not at once transferred to the defendant, but it was transferred to him in October, 1923, and his subsequent possession of the land was of such character and for such a period that he acquired a good title by prescription, provided his entry was in good faith. Under all the evidence, a finding in his favor on the question of good faith would have been authorized. The defendant's predecessor in title, however, was sworn as a witness, and testified that he himself did not enter in good faith, and that in delivering possession of the land and bond for title to the defendant he said to him, "You had better get the McKee title and get a full chain of title; if you don't, I believe you will get a lawsuit." The witness further testified that the reason he made this statement to the defendant was that "old man McKee" had spent the night at his home and had shown him the "plot and grant;" also that the witness "just gave [defendant] this bond for title," and told him that he "wouldn't be responsible for it at all;" and that the defendant replied that he was not afraid of the title. The defendant testified that he paid to his predecessor in title (the witness just referred to) $25 for the bond for title, and assumed notes which had been executed to the obligors for the purchase-money; that he had made valuable improvements upon the property and had paid the entire balance due upon the purchase-money amounting to several hundred dollars, after which he had obtained a deed in conformity with the bond for title. He further testified that at the time he acquired possession he did not "know anything about the McKee title," and that when he "took the land" he thought he was getting a good title. His first information as to any other claimant was a statement by the tax-receiver, made six or seven years before the trial, "about some one else paying [the taxes] on it."

Under the facts stated, the court erred in giving the instruction complained of. "A purchaser who buys in good faith and gets a paper claim of right acquires, in seven years, a prescriptive title. . . Nothing but fraud, want of good faith, will vitiate his claim of right. This the law will not presume. This can not be founded on presumptive notice, on that sort of notice which is based upon

record, or which is presumed from want of diligence." *Garrett* v. *Adrain,* 44 *Ga.* 274, 276. "It would make the law of prescription useless if, to make it available, men must get a good title or take care." *Payne* v. *Blackshear,* 52 *Ga.* 637, 639. "It is not legal but moral fraud, a consciousness of doing wrong, which, in the origin of the possession of land, prevents a prescription from running in favor of the possessor." *Ellis* v. *Dasher,* 101 *Ga.* 5, 8 (29 S. E. 268), and cit. "To defeat prescriptive title, the fraud of the party claiming thereunder must be such as to charge his conscience. He must be cognizant of the fraud, not by constructive but by actual notice." *Shingler* v. *Bailey,* 135 *Ga.* 666 (2), 668 (70 S. E. 563). See also *Reynolds* v. *Carlisle,* 99 *Ga.* 730 (27 S. E. 169); *Connell* v. *Culpepper,* 111 *Ga.* 805 (35 S. E. 667); *Street* v. *Collier,* 118 *Ga.* 470 (5) (45 S. E. 294); *Bower* v. *Cohen,* 126 *Ga.* 35 (5) (54 S. E. 918); *Winn* v. *Bridges,* 144 *Ga.* 497 (4) (87 S. E. 665); *Baxter* v. *Phillips,* 150 *Ga.* 498 (104 S. E. 196); *Sweat* v. *Lott,* 151 *Ga.* 66 (105 S. E. 835); *Mohr* v. *Dubberly,* 165 *Ga.* 309 (140 S. E. 856). Accordingly, the court erred in charging the jury, in effect, that the defendant's belief that he was acquiring a good title must have been "founded on reason and good sense," and that he must have acted "as a man of ordinary intelligence."

■ Error was also assigned upon the following charge: "The defendant comes in and sets up that although the plaintiff may have a paper title, he has lost his title by virtue of the fact that the defendant has a title that has ripened against the plaintiff by prescription." It was contended that this charge placed the defendant in the attitude of assuming that the plaintiff had title to the lands; whereas the defendant in his plea denied the claim of the plaintiff, and contested his right to recover on what he claimed as a paper title. The defendant in his answer did not admit that the plaintiff had paper title to the property, or that the plaintiff would be entitled to recover unless the defendant established his claim of prescription. It is elementary that the plaintiff must recover upon the strength of his own title, and not upon the weakness of the defendant's title. The evidence does not show that a verdict for the plaintiff would have been demanded, if authorized, upon the paper title introduced. In the brief of evidence the conveyances are set forth with such brevity as not to disclose a continuous chain of title from the State to the plaintiff, as alleged in

the petition. It appeared that the property was granted by the State to Joseph McKee in 1850. The record does not show any conveyance from the original grantee. The second "link" in the alleged chain of title was a deed from D. M. McKee, commissioner of the United States Court for the Northern District of Georgia, but it is not stated to whom this conveyance was made, or whose property was intended to be sold and conveyed by the commissioner. The brief of evidence next states that the plaintiff introduced a copy of the will of Joseph H. McKee, in which he bequeathed all of his property, both real and personal, to his wife and children, and named Homer D. McKee as his executor. There is nothing to show that Joseph H. McKee ever acquired the property in question. The last conveyance in the plaintiff's chain was a deed from Homer D. McKee as executor to the plaintiff, W. R. Tucker. The evidence as *actually introduced* might have been sufficient to demand a finding in favor of the plaintiff's claim of a continuous title from the State, but this does not appear from the brief of evidence. The plaintiff's claim of title as disclosed by the brief of evidence may or may not be subject to other criticisms. The assignments do not require further decision upon this point.

The charge complained of was susceptible of the construction that the defendant conceded that the plaintiff should recover unless the defendant showed title by prescription, and an examination of the whole charge discloses that prescription was the only issue submitted. Under the pleadings and the evidence, the court erred in giving the excerpt complained of.

In view of the rulings stated above, we express no opinion as to whether the evidence was sufficient to authorize the verdict for the plaintiff. The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*