GRAHAM *v.* LANIER.   LANIER *v.* GRAHAM.

Nos. 10123, 10137.   November 17, 1934.

*Charles W. Anderson* and *A. C. Corbett*, for plaintiff.

*Harry A. Etheridge* and *J. K. Jordan*, for defendant.

Bell, J.  This was a suit for land and mesne profits. The land consisted of two adjacent tracts which the plaintiff designated as tracts A and B respectively. As to tract A the defendant claimed, among other things, that he had acquired a good prescriptive title by adverse possession, under written evidence of title, for seven years, relying upon a deed executed to him as purchaser under exercise of a power of sale contained in a security deed to which the plaintiff's title was subject. The power of sale was defectively executed, but the deed to the defendant amounted to color of title. The defendant made a like claim of prescription as to both tracts, in virtue of a deed from one who had purchased the property at

a sale under an execution for taxes against the plaintiff. The defendant further alleged that he had made valuable improvements upon the property, and had paid the taxes thereon for several years; and that if by any possibility the plaintiff should recover the land the defendant should have a judgment against the plaintiff for these expenditures. The plaintiff demurred to so much of the defendant's answer as sought a counter-recovery for taxes paid. This demurrer was overruled, and the plaintiff excepted pendente lite. The jury found in favor of the plaintiff for the land, but placed a charge thereon in a substantial amount in favor of the defendant. The verdict did not state the value of the land without improvements. The plaintiff and defendant each filed a motion for new trial. Both motions were overruled, and each party excepted.

■ The evidence authorized the inference that the levy under the tax execution was excessive; and it also appears that the defendant was not in possession under the tax deed for seven years, exclusive of the redemption period. See, in this connection, *Brooks* v. *Rooney,* 11 *Ga.* 423(5) (53 Am. D. 430); *Harper* v. *Durden,* 177 *Ga.* 216 (170 S. E. 45); *Long Realty Co.* v. *First National Bank,* 177 *Ga.* 440 (170 S. E. 485); *Newsom* v. *Dade County,* 177 *Ga.* 612, 615 (171 S. E. 145). Whether or not in these circumstances the evidence would have authorized a verdict for the defendant on his claim of title by prescription or otherwise under the tax deeds, which related to both tracts, the jury would have been authorized to find for the defendant as to tract A, on his claim of prescription under the deed made to him in pursurance of the power of sale contained in the security deed.

■ "A purchaser who buys in good faith and gets a paper claim of right acquires, in seven years, a prescriptive title. . . Nothing but fraud, want of good faith, will vitiate his claim of right. This the law will not presume. This can not be founded on presumptive notice, on that sort of notice which is based upon record, or which is presumed from want of diligence." *Garrett* v. *Adrain,* 44 *Ga.* 274, 276. "It is not legal but moral fraud, a consciousness of doing wrong, which, in the origin of the possession of land, prevents a prescription from running in favor of the possessor." *Ellis* v. *Dasher,* 101 *Ga.* 5, 8 (29 S. E. 268), and cit. "To defeat prescriptive title, the fraud of the party claiming there-

under must be such as to charge his conscience. · He must be cognizant of the fraud, not by constructive but by actual notice." *Shingler* v. *Bailey,* ·135 *Ga.* 666 (2), 668 (70 S. E. 563). The excerpts from the charge of the court as complained of in special grounds 7 and 8 of the defendant's motion for new trial were contrary to these principles, and were erroneous.

■ In addition to the facts stated above, the defendant filed a plea of estoppel as to tract A, and in his motion for a new trial he assigned error upon a charge of the court relating to this plea, contending that the charge was not applicable to any issue made by the evidence. This contention is not sustained by the record.

■ The plaintiff contended that in no circumstances could the defendant assert a counter-claim for amounts paid by him for taxes on the property. This contention was made by a demurrer to the defendant's answer, and also by an exception to a portion of the charge of court in the motion for new trial. In the brief of counsel for the plaintiff it is merely insisted that such a set-off is not allowed by any of the Code provisions relating to improvements. Limiting our decision accordingly, we are of the opinion that where the defendant in a complaint for land has acted in good faith he may set off *against mesne profits* sums paid by him for taxes on the property. Such a claim is founded upon principles of equity, and may be asserted independently of statute. Such was formerly the rule as to improvements, and it would seem that a counter-claim for taxes would rest upon the same principle. See *Dudley* v. *Johnson,* 102 *Ga.* 1 (29 S. E. 50) ; *Harper* v. *Durden,* supra; 19 C. J. 1247-8. As indicated above, the contention made in this case does not require a decision as to whether such a claim of set-off could be ·sustained in the absence of good faith, or as to what other qualifications and limitations might be applicable thereto. ·The contention as made is without merit; and while the present decision will go no further upon this question, we call attention to the following authorities: Wallace v. Berdell, 101 N. Y. 13 (3 N. E. 769; Ringhouse v. Keener, 63 Ill. 230, 237; Muthersbaugh v. McCabe, 22 Pa. Sup. 587; McInerney v. Beck, 10 Wash. 515 (39 Pac. 130) ; Holly v. Gibbons, N. Y. (63 N. E. 731) ; Dougherty v. White, 112 Neb. 675 (200 N. W. 884, 36 A. L. R. 425) ; 9 R. C. L. 946-955; 31 C. J. 320, § 28; 19 C. J. 1247-8, § 390, and cit. The present record does not involve any question as to the statute of limitations in regard to the counterclaim for taxes.

In the plaintiff's motion for new trial error was also assigned on the failure of the court to give in charge the provisions of the Civil Code (1910), § 5588, one of the requirements of which is that in cases of this character the verdict shall "find the value of the land itself," for purposes indicated in that section. The court erred in failing to give the substance of this law in charge to the jury. *Coniff* v. *Hunnicutt*, 157 *Ga.* 823 (6) (122 S. E. 694); *Hawks* v. *Smith*, 141 *Ga.* 422 (4 *b*) (81 S. E. 200).

Other questions raised in the plaintiff's motion for new trial are not referred to in the brief of counsel, and are treated as abandoned.

It is contended by the defendant that all errors complained of by the plantiff were harmless, because the evidence demanded a verdict in favor of the defendant on the question of title. Whether or not this contention might be sustained as to tract A, it is not correct as to tract B; and the verdict was entire, both as to the land and as to the charge placed thereon in favor of the defendant. It follows that the judgment refusing a new trial, as complained of in each bill of exceptions, must be reversed, and the whole case remanded.

*Judgment reversed on each bill of exceptions. All the Justices concur, except Hutcheson, J., disqualified, and Atkinson, J., who dissents from the ruling in the fourth division of the decision.*