REYNOLDS *et al. v.* SMITH.

No. 12454.   SEPTEMBER 27, 1938.

*James D. Shannon,* for plaintiffs in error.
*Joseph LeConte Smith,* contra.

BELL, Justice. To an application to register title to land objections were filed. The examiner's report was in favor of the applicant, and to this report exceptions were filed by the objectors. The court dismissed these exceptions on motion, and entered a final decree in favor of the applicant. The objectors sued out a writ of error and brought the case to this court. More fully stated, the material facts were as follows: In January, 1936, John R. L. Smith filed an application to register an alleged title to describe land under the land registration law. Code, title 60; Ga. L. 1917, p. 108. The application included a claim of prescriptive title under color. Objections were filed by "Catherine Reynolds Plan and C. A. Reynolds, adult children of Jno. H. Reynolds, each of whom have attained majority, and neither of whom are under disability, and Jas. A. Reynolds, minor child of Jno. H. Reynolds, his father and next friend, and Jno. H. Reynolds trustee for said children." That is to say, objections were filed by two adult children and one minor child of John H. Reynolds, and by the same John H. Reynolds as "trustee for said children." The claim of the objectors was based on an alleged grant in a deed executed in the year 1899 to a named person for life, "and after

her death to John H. Reynolds in trust for his heirs; should he die leaving no legal heirs, to revert back to the heirs of Hubbard Reynolds estate." Hubbard Reynolds was the grandfather of the objectors. The objectors were not in life at the time this deed was executed, John H. Reynolds, the person named as trustee, having no children at that time. In March, 1915, after the death of the life-tenant, John H. Reynolds, acting in his individual capacity, executed a deed purporting to convey the land to Miss Averett A. Bryan in fee simple, which deed was duly recorded on March 9, 1915. As to what happened next, the examiner found as follows: "7. Miss Bryan went into possession of the land under the deed next above mentioned, and returned it for taxation, and remained in open, notorious, exclusive, and adverse possession of it until the execution of a deed mentioned below. 8. By warranty deed dated March 26, 1920, Miss Averett A. Bryan conveyed the land to A. T. Small for a recited consideration of $3000. This deed was recorded on December 6, 1920, in Book H, page 158. 9. About the same time A. T. Small executed a bond for title, whereby he agreed to convey the land to Mrs. Ada Reynolds upon the payment by her of the purchase-price. 10. In pursuance of the deed and bond for title next above mentioned, Mrs. Ada Reynolds went into possession of the land and returned it for taxation, and held open, notorious, exclusive, and adverse possession until the land was conveyed to applicant by the sheriff's deed mentioned below."

The sheriff's deed conveying the land to the applicant, as referred to in the last preceding finding, was executed in April, 1927, so that the adverse possession of Mrs. Ada Reynolds was found by the examiner to have continued until that date. According to other findings of fact, John R. L. Smith purchased the land from A. T. Small, subject to the bond for title executed by Small to Mrs. Reynolds, and after obtaining a judgment against her for the purchase-money, and after executing and having recorded a quit-claim deed for the purpose of levy and sale, caused the land to be sold as her property to satisfy the judgment for purchase-money. This will explain the reference, in the examiner's finding number 10 above, to the sheriff's deed, and will show that the applicant is holding directly under the deed executed by John H. Reynolds in March, 1915, and that the chain includes the con-

veyances referred to in findings number 7, 8, 9, and 10 above. The examiner also found that the "applicant went into possession of said land under said deed [being the sheriff's deed executed in 1927], and since April, 1927, has been in open, notorious, exclusive, and adverse possession of said land, and has returned the same for taxation." This finding was excepted to by the objectors on the ground that the applicant "was fully apprised and advised as to the state of the title, and the record does not support this conclusion of fact." The examiner's report embraced conclusions of law to the effect that the applicant had acquired a good title by prescription as against the objectors and all other persons, with the exception of specified liens for taxes. The objectors excepted to these conclusions of law, and contended that in view of the examiner's finding as to the existence of the trust deed executed in 1899, under which the objectors claimed, "the said examiner could not find legally in favor of the applicant, because upon this finding of fact it is conclusive that the perfect or legal title would be in the objectors." This exception may be eliminated as without merit, because, as will be shown below, the existence of such deed did not prevent prescription from running against the objectors. They also alleged: "Defendants object and file these their exceptions to the ruling and judgment of the said examiner, as to all matters of fact and rulings and conclusions of law, in that his said findings of fact and conclusions of law support a prescriptive title in the applicant John R. L. Smith, when under the law and evidence the same could not be so found, and the ruling of the said examiner is erroneous and should not be allowed." This statement also may be eliminated as too general and indefinite, referring jointly as it does to findings both of law and of fact, and containing no sufficient specification of error. See *Fricker* v. *Americus Manufacturing & Improvement Co.,* 124 *Ga.* 165 (4) (52 S. E. 65); *Bird* v. *South Georgia Industrial Co.,* 150 *Ga.* 420 (104 S. E. 232); *Woodward* v. *Williams Brothers Lumber Co.,* 176 *Ga.* 107 (167 S. E. 169); *Fitzgerald* v. *Woodward,* 176 *Ga.* 109 (167 S. E. 170); *McDuffie* v. *Merchants & Citizens Bank of McRae,* 177 *Ga.* 695 (170 S. E. 805). The objectors demanded a jury trial on all of "the above issues of fact." On motion of the applicant, all of the exceptions and the demand for a jury trial were dismissed, and a decree of title and

registration was entered in favor of the applicant. The objectors sued out a writ of error and brought the case to this court.

From the foregoing statement it will be seen that the examiner's findings of fact numbered 7, 8, 9, and 10 must be treated as if no exceptions had been taken thereto, and as showing continuous adverse possession under color of title by two of the applicant's predecessors in title for more than seven years in the aggregate. There is no evidence and no finding of fact that the possession of either of such predecessors originated in fraud, and no contention to that effect was made by the objectors either in this court or in the trial court. It is contended, however, that the applicant's own possession originated in fraud, and this contention is the basis of the entire controversy in this court. Under the facts stated, the writ of error does not show any cause for a reversal. The objectors claim under the deed made in the year 1899 to their father "in trust for his heirs." If the objectors acquired any right under the grant contained in this deed, such right or interest was purely equitable in nature, the legal title being in their father as trustee. *Vinson* v. *Vinson,* 33 *Ga.* 454; *Heyward-Williams Co.* v. *McCall,* 140 *Ga.* 502 (79 S. E. 133); *Milner* v. *Gay,* 145 *Ga.* 858 (90 S. E. 65); *Hollis* v. *Lawton,* 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114); *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (2) (152 S. E. 448). The person named as trustee took no interest for himself, but held the title only in trust "for his heirs." *Vinson* v. *Vinson,* and *Heyward-Williams Co.* v. *McCall,* supra. The trust was executory, embracing the entire remainder estate as conveyed by the deed, and continued as to each beneficiary at least until his or her arrival at majority. Code, § 108-111; *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587); *Burton* v. *Patton,* 162 *Ga.* 610 (2) (134 S. E. 603); *Duncan* v. *Verner,* 172 *Ga.* 553 (158 S. E. 322). Therefore prescription could run in favor of a third person holding adversely, so as to bar both the trustee and the beneficiaries. *Wingfield* v. *Virgin,* 51 *Ga.* 139; *Brady* v. *Walters,* 55 *Ga.* 25 (4); *Schnell* v. *Toomer,* 56 *Ga.* 168 (2); *McLain* v. *Rabon,* 142 *Ga.* 163 (3) (82 S. E. 544); *Watts* v. *Boothe,* 148 *Ga.* 376 (1, 4) (96 S. E. 863); *Sparks* v. *Anderson,* 150 *Ga.* 58 (2) (102 S. E. 423). If the trust became executed successively as the beneficiaries arrived at their majority, then the following principle would be applicable, provided there was the

requisite possession for the prescriptive period: "If in case of such a trust the father, during the minority of the son, conveys such land as his own property to another, who takes without actual notice of the trust, and the trust estate be, until the son attains his majority, represented by the father, then, inasmuch as the trust itself becomes executed by the majority of the son, the interest of the son is thus at all times represented by a person competent to sue, and prescription runs in favor of the purchaser continuously from the beginning of possession under the convey- ance from the father; and if the purchaser in good faith goes into possession thereunder and continues for a term of seven years before the institution of a suit by the son for the recovery of the property thus conveyed, he acquires as against the son a good title by prescription." *McCrary* v. *Clements*, 95 *Ga.* 778 (2) (22 S. E. 675). So, in the present case, all of the objectors would stand in the same position with respect to a claim of prescriptive title, regardless of their majority or minority.

"Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, unin- terrupted, and peaceable, and be accompanied by a claim of right." Code, § 85-402. "Adverse possession of lands, under written evi- dence of title, for seven years, shall give a like title by prescrip- tion; but if such written title is forged or fraudulent, and notice thereof is brought home to the claimant before or at the time of the commencement of his possession, no prescription shall be based thereon." § 85-407. "Fraud which will prevent possession of property from being the foundation of prescription must be actual or positive fraud, not constructive or legal fraud." § 85-414; *Kelley* v. *Tucker*, 175 *Ga.* 796 (166 S. E. 187); *Tatum* v. *Wilson*, 179 *Ga.* 688 (2) (177 S. E. 338). When a party claims adversely, it is not necessary for him to show that he went into possession bona fide, but the burden of showing fraud is upon the opposite party. *Evans* v. *Baird*, 44 *Ga.* 645 (2); *Teel* v. *Griffin*, 142 *Ga.* 245 (2) (82 S. E. 662). "An inchoate prescriptive title may be transferred by a possessor to a successor, so that the successive possessions may be tacked to make out the prescription." Code, § 85-416. "Where one enters into possession of a part of a tract of land under color of title which is duly recorded, and thereafter

conveys the land to subsequent grantees, who thereupon enter, but who fail to record their deed, such subsequent grantees may tack their possession to that under the duly recorded deed, and acquire a good prescriptive title at the expiration of seven years from the entry under the registered instrument." *Roberson* v. *Downing Co.*, 120 *Ga.* 833 (2) (48 S. E. 429, 102 Am. St. R. 128, 1 Ann. Cas. 757). Upon application of the foregoing principles, it appears from the record, without dispute, that before the applicant purchased the land in 1927, a prescriptive title based on adverse possession under color of title for more than seven years had ripened against all of the objectors and in favor of a predecessor in title of the applicant. Compare *Hudgins* v. *Crow*, 32 *Ga.* 367; *Roberson* v. *Downing Co.*, 126 *Ga.* 175 (54 S. E. 1020). "If one without notice shall sell to one with notice, the latter shall be protected." Code, § 37-114. This rule is applicable to a sale of land. *Hancock* v. *Gumm*, 151 *Ga.* 667 (2) (107 S. E. 872); *Hines* v. *Lavant*, 158 *Ga.* 336 (2) (123 S. E. 611); *Thompson* v. *Randall*, 173 *Ga.* 696 (2) (161 S. E. 377). The applicant having purchased a title that was good against the objectors as a prescriptive title, it is immaterial whether at the time of his purchase he had notice of the claim now asserted by the objectors. Since their claim had become barred, notice of it was notice of nothing, or was futile as affecting any right of the applicant. As shown above, the examiner's findings of fact, from which it appears as a matter of law that prescription had run in favor of a predecessor in title of the applicant, are to be treated as if no exceptions had been filed.

Moreover, the evidence and the admissions in the record demanded a finding in favor of such prescription. "Where some of the findings of fact by an auditor are sufficient to support a judgment or decree in favor of one of the parties, and are not themselves subject to exceptions taken, a judgment founded thereon in favor of such party should not be disturbed by this court, notwithstanding other findings both of fact and of law may have been subject to exception." *Robinson* v. *Reese*, 175 *Ga.* 574 (6) (165 S. E. 744); *Barber* v. *Southern Service Corporation*, 182 *Ga.* 124, 130 (185 S. E. 93). A fortiori, the result would be the same where no exceptions were taken. The same rule applies in the instant land-registration case. Code, § 60-304; *Manion* v.

*Varn,* 152 *Ga.* 654 (2) (111 S. E. 30); *McCaw* v. *Nelson,* 168 *Ga.* 202 (147 S. E. 364). Under the findings of the auditor, as well as under the evidence, the applicant was entitled, as a matter of law, to the registration of his title as against the objectors, even assuming that there may have been an issue of fact as to whether the applicant had been informed of the objectors' claim before he purchased the land in controversy. While it is provided by the statute that the petitioner or any objector shall have the right of trial by jury upon any issue of fact arising on exceptions to the examiner's report, yet where on the report of the examiner no material issue of fact arises and the record as a whole demands a finding in favor of the applicant, the fact that the judge dismisses all exceptions to the examiner's report and enters a final decree in favor of the applicant can not be taken as cause for a reversal. *Saunders* v. *Staten,* 152 *Ga.* 142 (4) (108 S. E. 797).

We have thus far dealt with the case as if the exceptions were sufficient to raise an issue of fact as to whether the possession of the applicant himself originated in fraud, and as though a jury trial should have been had, except for the fact that prescription had already ripened in favor of a predecessor in title. We think it should be further said, however, that the evidence would not have warranted a finding that the applicant's own possession originated in fraud. At the time he purchased the land the trust deed executed in 1899, under which the objectors claimed, had been so recorded as to omit the trust feature; in other words, it did not contain the words "in trust." Accordingly, the deed as it then appeared of record did not show any right or claim whatsoever in the objectors. *Harris* v. *Smith,* 16 *Ga.* 545; *Reynolds* v. *Dolvin,* 154 *Ga.* 496 (114 S. E. 879); *McCoy* v. *Olive,* 168 *Ga.* 492 (148 S. E. 327). John H. Reynolds testified that he informed the applicant a short time before the applicant purchased the property, that "it was entailed property," that he had only a life-interest in it, and that it would go to the children of the witness at his death; also that the applicant would find this to be the truth if he would investigate. There was also evidence that a letter to the same effect had been written by the witness to the applicant, shortly after the alleged conversation. There was no evidence, however, that the original deed under which the objectors claim was exhibited to the applicant, nor was there any suggestion that it was different

from the record. In the circumstances, an examination of the record was the only reasonable investigation that could have been expected, and such an examination would have disclosed no title or interest in these objectors.

After the present application for registration was filed, the objectors caused their deed to be recorded again, so as to include the words "in trust," which, as they contended, had been omitted by mistake from the former record. The applicant contended that the deed had been altered by the insertion of these words before the last record; but regardless of this, there was nothing to show that the applicant had any notice of the quoted language before he purchased. Under the facts a jury would not have been authorized to find that the possession of the applicant originated in fraud. *Brady* v. *Walters, 55 Ga. 25 (3) ; Kelley* v. *Tucker,* supra.

In the foregoing opinion, we have endeavored to consider the case on its merits, overlooking for the most part alleged defects in the exceptions filed by the objectors. Nothing herein said, however, is intended to imply that any of the exceptions were in proper form.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*