## BARFIELD *v.* VICKERS *et al.*

No. 15346. JANUARY 16, 1946.

*C. C. Crockett,* for plaintiff.

*R. M. Daley* and *Lester F. Watson,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) The principles of law applicable here are set forth, with numerous quotations of authority, in *Fraser* v. *Dolvin,* 199 *Ga.* 638 (34 S. E. 2d, 875), as follows: " 'Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted and peaceable, and be accompanied by a claim of right.' Code, § 85-402. Color of title 'is a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect but not so obviously so that it would be apparent to one not skilled in the law.' *Beverly* v. *Burke,* 9 *Ga.* 440 (54 Am. D. 351); *Street* v. *Collier,* 118 *Ga.* 470, 472 (45 S. E. 294). Adverse possession of lands, under written evidence of title, for seven years, shall give a good title by prescription against everyone, except the State or persons laboring under disabilities; but if such

written title is fraudulent, and notice thereof is brought home to the claimant before or at the time of the commencement of his possession, no prescription shall be based thereon. Code, §§ 85-406, 85-407. 'Fraud which will prevent possession of property from being the foundation of prescription must be actual or positive fraud, and actual fraud can not be founded on presumptive notice, or that sort of notice which is based on record, or which is presumed from want of diligence.' *Mohr* v. *Dubberly,* 165 *Ga.* 309 (140 S. E. 856); *Graham* v. *Lanier,* 179 *Ga.* 744, 745 (2) (177 S. E. 574). The fraud contemplated by the law is such as would affect the conscience of the claimant with bad faith and moral turpitude. *Brady* v. *Walters,* 55 *Ga.* 25 (3); *Shingler* v. *Bailey,* 135 *Ga.* 666, 668 (70 S. E. 563); *Kelley* v. *Tucker,* 175 *Ga.* 796 (166 S. E. 187); *Graham* v. *Lanier,* 179 *Ga.* 744, 745 (177 S. E. 574). 'Good faith, as contemplated by the law of prescription under color of title, has relation to the actual existing state of the mind, whether so from ignorance, scepticism, sophistry, delusion or imbecility, and without regard to what it should be from given legal standards of law or reason.' *Lee* v. *O'Quin,* 103 *Ga.* 355, 365 (30 S. E. 356). Direct evidence of bona fides is not required. A presumption of good faith arises from adverse possession. *Baxley* v. *Baxley,* 117 *Ga.* 60 (4) (43 S. E. 436); *Canady* v. *Flanders,* 151 *Ga.* 531, 533 (107 S. E. 533). 'If a person buys land in good faith, believing he is obtaining a good title, and enters into possession thereof, and remains there continuously, uninterruptedly, peaceably, etc. for seven years, that possession ripens into a good title, whether the title he purchased originally was good or not. The very object of the doctrine of prescription is to make a bad title good when the necessary requisites have been complied with.' *Lee* v. *Ogden,* 83 *Ga.* 325, 329 (10 S. E. 349). 'When an adverse possessor has held for the requisite period and his prescriptive title ripens, it extinguishes all other inconsistent titles and itself becomes the true title.' Powell on Actions for Land, 459, § 349; *Danielly* v. *Lowe,* 161 *Ga.* 279 (3) (130 S. E. 687). "When a party claims adversely, it is not necessary for him to show that he went into possession bona fide, but the burden of showing fraud is upon the opposite party.' *Reynolds* v. *Smith,* 186 *Ga.* 838, 842 (199 S. E. 137), and citations."

Counsel for the plaintiff in error contends that a jury question was raised as to the essential element of the good faith of the defendants in entering into possession of the land. It is pointed out that the land had been sold for taxes; that, when W. W. Robinson acquired from the county a quitclaim deed by way of redemption, the title revested in the plaintiff; that Robinson had only the right to collect from him the amount he had paid for redemption and the statutory premium; that this right was the only right that could have been held by Mrs. Ida M. Robinson, the defendants' grantor; that the defendants knew that the plaintiff was the true owner and by inquiry could have learned that he claimed the land; and that it was a fraud upon the plaintiff, the true owner, for the defendants to take a color of title from Mrs. Ida M. Robinson, who had no real title to the land. It is further pointed out that the defendants did not record until July 20, 1945, the quitclaim deed obtained from Mrs. Ida M. Robinson, and that this fact was a matter for the consideration of the jury as evidencing no genuine claim by the defendants to the land, the defendant Vickers testifying that "I just neglected to have it recorded, I guess. I guess I went into possession under that. That is all that I have," and testifying, with reference to the tax-redemption deed from the county to W. W. Robinson, that "I have seen it before. I had it turned over to my lawyer, I think." It is further claimed that the evidence shows that one J. O. Kennedy lived on the land and held possession for the plaintiff, and that inquiry of him would have developed that he held possession for the plaintiff. The burden of showing adverse possession for seven years was successfully carried by the defendants. They were under no duty of affirmatively proving their good faith. Direct evidence of bona fides is not required here. On the contrary, a presumption of good faith arises from adverse possession. To overcome this presumption, the burden is on the opposite party. An issue for the jury is sought to be shown by the fact that the defendants knew of the redemption deed executed by the county to W. W. Robinson. However, the argument of counsel for the plaintiff in error amounts merely to an effort to negative the presumed good faith of the defendants by charging them with knowledge of an alleged legal effect of the redemption deed, to wit, that the title revested in the plaintiff subject to his obligation to reimburse the person redeeming for

the amount of the redemption price and the statutory premium. No discussion as to the rights of W. W. Robinson or Mrs. Ida M. Robinson as against the plaintiff is necessary here, where the defendants rely upon color of title and adverse possession. The test of the bona fides of the defendants can not be made by resorting to such a consideration, since, as above shown, their good faith has relation to the actual existing state of their minds, regardless of what it should be from given legal standards of law or reason. Certainly to a layman the redemption deed might reasonably signify that, though B. E. Barfield at one time had owned the land, he had, by reason of the tax sale, been divested of whatever title he had on February 17, 1926. Nor were the defendants called upon to determine whether Mrs. Ida M. Robinson held legal title or merely an inchoate title, as W. W. Robinson is alleged to have had under the redemption deed. The paper executed by her identified the property, and, as a quitclaim deed, if taken in good faith, was color of title upon which to base title by prescription when accompanied by seven years of adverse possession. *Castleberry* v. *Black,* 58 *Ga.* 386; *Johnson* v. *Girtman,* 115 *Ga.* 794 (42 S. E. 96); *Warlick* v. *Rome Loan & Finance Co.,* 194 *Ga.* 419, 423 (22 S. E. 2d, 61). Recordation not being necessary to perfect title, the contention that the mere fact of not recording until July 20, 1945, the quitclaim deed from Mrs. Ida M. Robinson raises an issue for the jury as to the bona fides of the defendants, can not be upheld. While it is true that the evidence shows, as contended by counsel for the plaintiff in error, that one J. O. Kennedy was at one time in possession of the land, having been left there by the plaintiff with instructions to pay the taxes thereon and keep up the property, it was further shown that he died in 1931 or 1932, that at the time the defendants acquired their quitclaim deed from Mrs. Ida M. Robinson on November 30, 1934, she was in exclusive possession, and that the defendants went into adverse possession on January 1, 1935, and had so remained until the date of the trial. There was no evidence tending to show bad faith on the part of the defendants, and a finding was demanded as a matter of law that they had acquired title under color of title and adverse possession for more than seven years. Accordingly, the court did not err in directing a verdict in their favor.

None of the cases cited by counsel for the plaintiff in error re-

quires any different ruling from that here made, and no discussion is deemed necessary except in respect to *Hunt* v. *Dunn,* 74 *Ga.* 120, cited and relied upon by counsel for the plaintiff in error as controlling in the present case. That case, in indicating that legal fraud, and not necessarily actual and moral fraud, would prevent possession from being the foundation of a prescription, was disapproved by this court in *Lee* v. *Ogden,* supra, and it was not expressly overruled only because one of the members of the court was providentially absent and no request had been made to overrule it. It was pointed out that it was contrary to both earlier and later decisions of this court, and that, if the doctrine there announced were followed, there would be no use for the doctrine of prescription. *Judgment affirmed. All the Justices concur.*